EDELEN *vs.* THOMPSON.—June, 1827.

A verdict may be varied from at any time before it is recorded.

A sealed or privy verdict may be varied from in open court.

So, where the parties agreed that the jury might give their verdict to the clerk of the court after the adjournment for the day, and the jury having signed and sealed a verdict delivered it to him, but on being called at the bar the next morning, before it was recorded, they were sent back

to their chamber by the court to correct it, as it did not determine the issues joined in the cause to their full extent, and they found a new verdict which did. It was held, that the first verdict might be compared to one received by a single judge out of conrt, or to a sealed verdict retained by the foreman of the jury in his pocket, in neither of which cases is the verdict binding upon the jury, but is liable to be changed and varied from by them in open court, and that a judgment entered on the second verdict was correct.

In an action of replevin, where the defendant pleaded *non cepit, property in himself, and in strangers to the suit,* on all which questions issues were made up, and the jury, as to part of the property, found for the plaintiff, and as to the residue for the defendant—*Held,* they were warranted in so finding; that however contradictory those issues seem to be, they are made from pleas not deemed incompatible; and while they are admitted to be pleaded together, every result from their use ought surely to have the countenance and support of the court.

APPEAL from *Charles* County Court. This was an action of *replevin,* brought by the appellant, (the plaintiff below,) against the appellee, (the defendant in that court,) for a mare and colt, and certain negro slaves. The defendant pleaded, 1. *Non cepit.* 2. Property in *Barton Hagan.* 3. That the defendant had recovered judgment against *Barton Hagan,* upon which a writ of *fieri facias* issued, and was levied of his goods and chattels, viz. one mare and colt, and negroes *Charity, Rachel, Samuel, Henry* and *George.* And that at the time of issuing the writ of replevin, the property in the said goods and chattels was in the sheriff, who had seized and taken the same under the said writ of *fieri facias.* 4. That the property in the said negroes at the time, &c. was in the then sheriff of *Charles* county, &c. 5. Property in the defendant. The plaintiff joined issue on the first plea, and pleaded general replications to the other pleas, on which issues were also joined.

At the trial it was "agreed that the jury give their verdict to the clerk after the adjournment of the court." The court adjourned. The jury returned, and filed with the clerk of the court, on the 1st September 1824, the following verdict: "We the undersigned jurors, empannelled in the above case, do find for *Eleanor Thompson,* that she have a return of the negro slaves taken under and by virtue of the writ of replevin issued in this cause." Signed and sealed by the jurors. On the 2d of September 1824, the court met, when it was ordered by the court

that the jury retire to their chamber to correct their verdict—the same not being then recorded by the court. The jury retired and returned, and by their verdict "find for the plaintiff as to the mare and colt mentioned in the writ of replevin, and do assess damages to fifty cents; and find for the defendant as to the residue of the goods and chattels mentioned in the writ of replevin." Judgment upon the verdict, that the plaintiff recover against the defendant the mare and colt, &c. also the damages assessed, and costs. And also that the defendant recover against the plaintiff the residue of the goods and chattels, &c. and that she have a return thereof, &c. From this judgment the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, and MARTIN, J. by

*Stonestreet*, for the Appellant; and by
*R. Johnson*, for the Appellee.

EARLE, J. delivered the opinion of the Court. It is alleged in this case, that the court committed an error in sending back the jury to their chamber, who returned a different verdict from that rendered by them in the first instance. The court were about to rise for the day, as the jury first retired from the bar, and for their convenience, the parties agreed that the jury give their verdict to the clerk, after the adjournment of the court. After the rising of the court, the jury gave to the clerk a verdict under their hands and seals, whereby they found for the defendant, the present appellee, that she have a return of the negro slaves, taken under and by virtue of the replevin issued in the cause. At the calling of the court next morning, it was ordered by them, that the jury retire to their chamber to correct their verdict, the same not being recorded by the court. They retired under this order, and found the verdict on which this judgment is entered, for the plaintiff, (the appellant,) as to the mare and colt, mentioned in the writ of replevin; and for the defendant, as to the residue of the goods and chattels mentioned in the said writ of replevin.

What is the legal effect of this proceeding, is the doubt this court has now to remove.

It appears to us that the verdict handed to the clerk, is in the nature of a sealed or privy verdict, and might be varied from in open court, and that no error was committed in ordering the jury to their chamber the next day to correct it. *The rule is,* that a verdict may be varied from by the jury, at any time before it is recorded; and the court, who are best acquainted with their own practice, tell us, that the verdict under consideration had not been recorded by them. It was left with the clerk, for the ease of the jury, and may be compared to a verdict received by a single judge out of court, or to a sealed verdict retained by the foreman of the jury in his pocket, until the next meeting of the court. In neither of which cases is the verdict binding upon the jury, but is liable to be changed and varied from by them in open court. *Trials per pais*, 309, 310. This is upon the principle that the verdict is not recorded; and it is not seen how it could be recorded in the instance before us, as the court were not in session when the verdict was received by the clerk, nor does it appear that the parties, or either of them, were present, if in a legal sense it was possible for them to be present.

The other objection made by the appellant's counsel to the verdict, on the *second* plea found by the jury for the defendant, is not sustained. The jury found for her upon the two issues of *non cepit*, and *property*, and *non constat*, that they were not warranted in so finding. However contradictory those issues seem to be, they are made up from pleas that are not deemed incompatible; and while they are admitted to be pleaded together, every result from their use ought surely to have the countenance and support of the court.

JUDGMENT AFFIRMED.