(Decided 15th November, 1889.)

---

George R. Gaither *vs.* Skipwith Wilmer, Trustee for John I. Middleton and John W. Williams, late co-partners, trading as J. I. Middleton & Co.

#### *Practice—Verdict—Amendment.*

To an action on two promissory notes and on accounts stated, *non assumpsit* and set-off were pleaded. The case was tried before a jury, who returned a sealed. verdict, finding "for the plaintiff," but not specifying the amount for which they so found. The verdict was duly recorded, and the jury separated. HELD:

That the verdict was fatally defective, but having been duly recorded, and the jury having separated, the Court had no power to amend it, by inserting after the words "for the plaintiff," the words "for the sum of $5,378.72."

APPEAL from the Court of Common Pleas.

This appeal presents simply a question of practice, but an important one.    The facts are as follows:

The appellee sued the appellant on two promissory notes, and the declaration also contained a count for money found due from the defendant to the plaintiff on accounts stated between them.    The pleas were *non-assumpsit* and set-off, and the case was tried before a jury. The trial commenced on the 18th of June, and continued until the 20th, when the jury retired to make up their verdict, and not having agreed at the time of adjournment, the Court gave them leave to return a sealed verdict the next morning.    Before separating for the night, they agreed upon a sealed verdict, which they delivered to their foreman.    The next morning (the 21st of June,) they assembled in the jury box, and being called on for their verdict, the foreman handed to the clerk the sealed verdict, which stated that they "find for the plaintiff," but did not specify *any amount* for which they so found. The clerk handed this verdict to the Judge, who, after looking at it, said to the counsel in the case:    "Gentlemen there is a defect in this verdict; will you agree that it be corrected?"    Counsel for defendant declined to do so, and the Judge thereupon handed the verdict to the clerk, who entered upon his docket: "June 21st, 1889, sealed verdict for pltff. fd., no amount,"—and then said aloud: "Gentlemen of the jury, hearken to your verdict as the Court has recorded it; you say by your sealed verdict, presented by your foreman, that you find a verdict for the plaintiff, and so say you all now."    In this the jury acquiesced, *and then left the box.*

Afterwards, on the same day, defendant's counsel moved in open Court for arrest of judgment, and a new trial; and thereupon counsel on both sides left the trial table, and approached the Judge, and plaintiff's counsel asked him to suspend action on defendant's motion until

he had time for consideration, to which the Judge assented. Then afterwards, on the same day, before the rising of the Court, counsel for plaintiff filed a motion asking the Court to *re-assemble* the jury, and to direct them to enter in their verdict for the plaintiff the sum of $5,378.72, upon the ground that, in the progress of the case, it was agreed before the jury, in open Court, by counsel on both sides, that, if they found for the plaintiff, then the plaintiff would be entitled to a verdict for this sum. No further action was taken in the case until the 24th of June, when defendant's counsel entered a *ne recipiatur* to the above motion by plaintiff's counsel, upon the grounds, 1st, that such motion is contrary to the practice of the Court; and 2nd, that the statements made therein are not true, no such agreement having been made in open Court or anywhere else. On the same day counsel for defendant moved to quash the verdict, and assigned reasons for his motions for a new trial, and in arrest of judgment, the reasons for the latter motion being that the verdict is uncertain, irregular and a nullity. Afterwards, on the 25th of June, the two counsel for plaintiff filed an affidavit to the effect that, during the trial of the case, a calculation of the amount claimed by the plaintiff was made by one of his counsel, which was reviewed by one of the counsel for defendant, and was written on a black-board in sight of the jury, viz., the sum of $5,378.72, which amount is still on said black-board; and that thereupon counsel for defendant admitted that, if the jury found for the plaintiff, the amount so written was the proper amount for which to find a verdict.

On the 27th of June, defendant's counsel filed an objection to the reception of this affidavit, but the Court overruled this objection, as well as the motions in arrest and for a new trial, and at the same time, *by order of Court,* amended the sealed verdict by inserting after the

words "for the plaintiff" the words "for the sum of $5,378.72," and on the same day rendered judgment on the verdict so amended for the plaintiff for this sum, with interest from date, and costs. From this judgment the defendant has appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, and McSHERRY, J.

*William S. Bryan, Jr.*, for the appellant.

*James M. Ambler*, and *Randolph Barton*, for the appellee.

MILLER, J., after stating the case as above reported, delivered the opinion of the Court.

Without doubt, a verdict, in an action like the present, simply "for the plaintiff," without stating the damages, or the amount the plaintiff is entitled to recover, is fatally defective. It is not merely an *informal* verdict, which the Court can mould into proper shape by referring to the pleadings and issues, but it is substantially defective. In all cases where the action is upon a contract or for damages, the verdict, if for the plaintiff, must be for an *amount specified;* otherwise the Court cannot enter judgment upon it for any amount. *Proffatt on Jury Trial, sec.* 415; 2 *Tidd's Pr.*, 869; 1 *Poe's Pl. & Pr., sec.* 758; *Clement vs. Lewis,* 3 *Brod. & Bing.*, 297.

The question, then, is, had the Court power to amend this verdict, and make it effective by inserting the amount the plaintiff was entitled to recover, at the time and under the circumstances stated? The amendment was made after the verdict was assented to by the jury, when called upon to hearken to it after it had been duly recorded, and several days after the jury had separated. The defect was discovered by the Judge when the ver-

Gaither *vs.* Wilmer, Trustee.

dict was handed to him before it was recorded, and when the jury were in attendance in open Court for the purpose of rendering their verdict. It was then competent for the jury to reject this verdict *in toto,* and find another, or to vary, or correct it. The Judge, also, could then have sent them to their room, with instructions to correct this defect, whether counsel assented or not; and this was the course that should have been adopted. *Edelen vs. Thompson,* 2 *H. & G.,* 31. This amendment, however, must have been made either upon the affidavit of the plaintiff's counsel, or by the Judge's own recollection of what took place at the trial. In England, verdicts in criminal as well as in civil cases have been frequently amended by the notes of the Judge, or by some written document; and in a criminal case tried before Lord DENMAN, C. J., he ordered the verdict to be amended, though he had taken no notes at the trial. But when this order was brought before the Court *in banc,* under a rule to show cause why it should not be rescinded, his Lordship said : "I was of opinion that the Judge must have power in a case like this to amend by his recollection ; and it is clear that in the present instance the amendment was one which might be made according to the truth of the facts. But on consideration we think that the practice of so amending would be such a dangerous one, that, as a general rule of discretion, the Court ought to decide against introducing it. In almost all the cases of amendment, there has been a written document, to amend by, and a misprision which was corrected by that. But if reference is made to the recollection of the Judge as an individual, an unlimited number of affidavits from other persons will be let in, stating what passed according to their impressions. I have no doubt here; but on account of the great danger and abuse which might result from amending, under such circumstances, in cases which may be supposed, we think the

order ought not to be sustained.'' *Reg. vs. Virrier*, 12 *Adol. & Ellis*, 337.

In this country, decisions as to the amendment of verdicts are numerous, and a large number af them have been cited in argument. Some of them show that a general verdict may be applied to the proper count where some of the counts in the declaration are good, and others bad, or to one of two inconsistent counts; but that is not this case. Our Code provides that no judgment shall be arrested because one or more counts in the declaration are bad, if there be one count sufficient in substance. (*Code, Art.* 75, *sec.* 9.) But we have no statute which reaches a case like this. Again, in some of the cases cited, verdicts have been amended by re-assembling the jury after they had separated, and after the verdict had been recorded, upon the affidavits of the jurors themselves that they had made a mistake, or intended to find differently ; but in States where the common law is the only guide on the subject, we think the decided weight of authority is against allowing such a thing to be done; and we have found no American case in which an amendment like this, in matter of substance, has been made upon affidavits, or from the Judge's recollection of what occurred at the trial, after the imperfect verdict has been duly recorded, and the jury have separated. A citation or review of these authorities is unnecessary, because it seems to us that the question has been settled in Maryland by the decisions of this Court.

Among the cases in the old Provincial Court (1716) we find an action for slander, where justification was pleaded, with general replication and issue. The jury returned a verdict for the plaintiff, but assessed no damages, and afterwards at a succeeding term, a writ of inquiry of damages was issued, under which damages for the plaintiff to a certain amount were assessed. Counsel for defendant moved in arrest of judgment, on the

Gaither *vs.* Wilmer, Trustee.

grounds that no damages were found by the jury which tried the issue, and the writ of inquiry was void. The Court awarded a *venire de novo. Macnamara vs. Brannock*, 4 *H. & McH.*, 480. In *Edelen vs. Thompson,* (*supra*,) it is clear from the opinion of Judge EARLE, that the Court would not have sustained the amendment in that case, if it had been made after the verdict was recorded. Again in the more recent case of *Ford vs. The State*, 12 *Md.*, 546—a case most carefully considered— our predecessors have laid it down broadly and emphatically that "if a jury, through mistake or partiality, deliver an improper verdict, the Court may, *before it is recorded*, desire them to reconsider it. They cannot, however, be allowed to make alteration *after the verdict is recorded;"* and this case was re-affirmed in *Williams vs. State*, 60 *Md.*, 402. These authorities have, in our judgment, settled it as law in this State, that no material alteration can be made by the jury in their verdict, either in a civil or criminal case, after it has been recorded, and, if this can not be done by the jury, *a fortiori* can it not be done by the Court or the Judge.

It is said, however, that the amount to be recovered in case the jury should find for the plaintiff was admitted and agreed upon, and that the jury, as well as the parties, were bound thereby. But we find no such admission made by the pleadings, either directly or inferentially. On the contrary, the pleas of *non assumpsit* and set-off put in issue the amount of recovery, as well as the right of the plaintiff to recover at all; and it was the province and duty of the jury to find this amount by their verdict. Nor is it pretended that any written agreement on this subject was ever made between counsel. If such written agreement had been made, filed, and entered upon the docket, the case would have presented a different aspect. But no such written agreement was made; and even the oral admission or

agreement, relied on in the motion to have the jury re-assembled, was denied by defendant's counsel, who also objected to the reception of the affidavit made by counsel for the plaintiff, in which the same oral admission is set up.   It may be that, if the jury had been sent to their room to correct this sealed verdict before it was received and recorded, they would have inserted the same sum that was afterwards put in it by the Judge; but we find nothing in the record which enables us to say with certainty they would have done so, or that such was their real intention.   The affidavit of counsel on the subject was wholly inadmissible.

In conclusion, we may say we are firmly convinced that the adoption of any other rule on this subject than that so plainly laid down by our predecessors, and so long adhered to in practice by the Courts of the State, would be dangerous in the extreme, would open the door to abuses, and lead to doubtful and possibly pernicious results; and we can not escape the legal conclusion that, by making the amendment complained of in this case, the Judge has invaded the exclusive province of the jury, and substituted his verdict for theirs.

We are therefore of opinion the learned Judge of the Court below was in error in overruling the motion in arrest, and shall accordingly reverse the judgment, and remand the case, to the end that a *venire de novo* may issue.

*Judgment reversed, and a*
*venire de novo awarded.*

(Decided 15th November, 1889.)