# THE DIAMOND STATE TELEPHONE CO. *vs.* DAVID BLAKE.

*Removal of Cause to Federal Court and to Another Court of the State—Objection by one Defendant to Removal—When Motion to Remove Made too Late—No Severance in Action Against Joint Tortfeasors—Striking Names of Jurors From Lists—Power of Court to Amend Verdict of Jury.*

When the plaintiff, a citizen of this State, sues two corporations as joint tortfeasors, one being a domestic and the other a foreign corporation, the latter defendant is not entitled to have the case removed to a United States Court on the ground of diverse citizenship.

In an action against two defendants as joint tortfeasors, where both are alleged to be liable for the injury complained of, one defendant is not entitled to demand a severance.

A cause cannot be removed to another Court for trial on application of one of the defendants when the removal is opposed by a co-defendant.

Code, Art. 51, sec. 13, provides that the lists of jurors in a civil case shall contain twenty names and that the parties may each strike out four persons from the lists and the remaining twelve persons shall thereupon be impanelled and sworn as the petit jury in the cause. *Held*, that where there are two or more defendants, each one has not the right to strike out four names, but that such right is confined to each side.

In an action against two defendants, the one a domestic and the other a foreign corporation, at the conclusion of the plaintiff's evidence the Court instructed the jury that there was no evidence to establish the liability of the domestic corporation and that their verdict must be for it. *Held*, that it was then too late for the other defendant to renew its motion, previously made, to remove the case for trial to a Federal Court.

A motion by a defendant to remove a cause for trial to another Court of the State was overruled because one of the two defendants objected to the removal. At the end of the plaintiff's evidence the Court instructed the jury to render a verdict for the defendant who had prevented the removal, and the other defendant then renewed the motion to remove. *Held*, that since a cause cannot be removed after trial has begun, this motion should not be granted.

In an action against A. and B. the Court instructed the jury, at the conclusion of the plaintiffs evidence, that their verdict must be in favor of

A. and the trial then proceeded against B.   The jury returned a verdict "for the plaintiff for the sum of $1,950," but they did not expressly find the verdict against B. nor in favor of A.   The defendant B. moved in arrest of judgment and the Court directed the clerk to amend the docket entries by writing, after the words "judgment *ni si* on verdict for the plaintiff for the sum of $1,950," the words "as against the defendant B. and judgment for the defendant A. for costs."   *Held*, that since the jury manifestly intended that their verdict should be against the defendant B. only, the Court had the power under the circumstances to amend in this manner the verdict and judgment.

*Decided April 24th, 1907.*

Appeal from the Circuit Court for Kent County (CROTHERS and ADKINS JJ.

The cause was argued before BRISCOE, BOYD, SCHMUCKER, BURKE and ROGERS, JJ.

*Hope H. Barroll* and *James P. Gorter*, for the appellant,

*William W. Beck* (with whom was *Sydney P. Townshend* on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

The appellee sued the Diamond State Telephone Company and the Chestertown Electric Light and Power Company of Kent County for damages alleged to have been sustained by him by reason of coming in contact with a wire heavily charged with electricity, which caused great injury to him.   It is alleged that the defendants negligently permited a loose wire of the Telephone Company to come in contact with one of the feed wires of the Light and Power Company on High street, in Chestertown, and to remain in a condition dangerous to the lives of those lawfully using the highways of that town.   The Telephone Company is a corporation incorporated under the laws of Delaware; the Light and Power Company is a domestic corporation and the plaintiff is a citizen of Maryland.   There are eight bills of exception in the record, and although the seventh and eight are principally relied on, as the others were not formally abandoned we will consider them in the order in which the exceptions were taken.

1. The Telephone Company made an application for the removal of the cause to the Circuit Court of the United States for the District of Maryland. The Light and Power Company objected to the removal and the Court refused the application, to which action the first exception was taken. As the plaintiff and one of the defendants were citizens of Maryland (a corporation being treated as a citizen of the State by which it is incorporated, under the Acts of Congress) the other defendant could not have the cause removed to the United States Court on the ground of diverse citizenship, although it was a foreign corporation. As none are suggested in the record, it is unnecessary to refer to exceptions to the general rule which is settled beyond controversy. *Alabama, etc, R. R. Co.* v. *Thompson,* 2co U. S. 203; *C. N. O. & 1ex. Pac. R. R. Co.* v. *Bohen, Ibid,* 221. See also 18 *Ency. Pl. & Pr.,* 193, etc., where many cases are cited.

2. The two defendants then made a motion for severance, which was overruled and to that action of the Court the second exception was taken. No authority has been, or so far as we are aware, can be cited to sustain that motion. The plaintiff, in an action *ex delicto,* may, at his election, sue one, or any, or all of several joint tortfeasors. When the plaintiff has elected to sue all, or more than one, of those who are alleged to be responsible for the injuries complained of, he must under our practice allege and prove a joint participation by all the defendants, in order to entitle him to recover a joint judgment against all, 1 *Poe,* sec. 527, and the Court is not required or authorized to grant a severance in a case such as this, where both defendants are alleged to be liable for the injuries complained of.

3. The Telephone Company then filed a suggestion for removal to some other Court of the State. The Light and Power Company objected and the Court refused to order a removal. It has been so recently decided by this Court that a cause cannot be removed to another Court on application of one of the defendants, when the removal is opposed by a codefendant, that it is only necessary to refer to that case to sus-

tain the action of the Court.    See *Balto. County* v. *United Railways Co.*, 99 Md. 82.

4. The Telephone Company then moved for leave for each defendant to strike four names from "the panel of jurors furnished," and it excepted to the action of the Court in over-ruling that motion.    As the lists furnished under sec. 13 of Art. 51 of the Code, only contain twenty names, "and the said parties or their counsel may each strike out four persons from the said lists and the remaining twelve persons shall thereupon be immediately impanelled and sworn as the petit jury in such cause," it is manifest that the statute only contemplated that each side should strike out four names.    If there were five plaintiffs and defendants, all of the names could be struck from the lists, according to the appellant's contention, and in this case it would have reduced the number to less than twelve.    There can be doubt about the meaning of the statute, but in *Hamlin* v. *State*, 67 Md. 333, the question was ex-pressly decided in a criminal case which by sec. 17 of Art. 51, was governed by the rules applicable to the selection of jurors in civil cases.

5. The trial of the case was then proceeded with, and at the conclusion of the plaintiff's testimony, the Light and Power Company offered a prayer that there had been no evidence offered legally sufficent to show that the injury complained of was caused by the negligence of that company, and the ver-dict of the jury must be for it.    That prayer was granted, and the Telephone Company "thereupon renewed its motion" to remove the case to the United States Court, which was over-ruled and the fifth exception taken.    Without regard to such questions as whether it was necessary to file a new application in writing and bond, which does not appear to have been done, or what would have been the effect if the plaintiff had then entered a *non pros* as to the Light and Power Company, the application as the record stood was too late.    *Whitcomb* v. *Smittson*, 175 U. S. 635; *Adams Express Company* v. *Trego*, 35 Md. 47.    The position of the appellant with reference to this exception was not consistent with that taken by its seventh

and eighth, which will be referred to later, but if the verdict had been entered for the Light and Power Company at the conclusion of the plaintiff's testimony, in accordance with the prayer granted, it would nevertheless have been too late to remove the case.

6. The Telephone Company then renewed its application to remove the cause to some other State Court and the Court having refused to do so, it reserved its sixth exception. It has been the settled law of this State since the case of *Price* v. *State*, 8 Gill, 295; that a case cannot be removed after the trial has begun which with reference to a removal is when the panel of twelve is completed by being duly sworn. That case has been approved in *Deford* v. *State, use of Keyser*, 30 Md. 179, *Sittig* v. *Birkestack*, 38 Md. 158, *Cooke* v. *Cooke*, 41 Md. 362; *McMillan* v. *State*, 68 Md. 307. In neither of those cases was the question raised whether such application could be filed after the party who prevented the removal on the first application is relieved from liability by an instruction of the Court, but the reasoning of the case of *Whitcomb* v. *Smittson* is applicable. If the Light and Power Company had been duly discharged by a verdict in its favor, we do not think the Court would have been justified in then removing the case to some other Court. It would delay the decision of cases, and oftentimes work great injustice, to permit a removal at such time. If it is required to be done at the end of the plaintiff's testimony, upon the granting of a prayer such as that in the record, it would be equally obligatory at the end of the defendant's testimony, if such a prayer was then granted in favor of the defendant who originally objected to the removal. Such practice could not have been contemplated by the framers of our Constitution. So regardless of the effect of there being no verdict of record in favor of the Light and Power Company, we are of the opinion that the application for removal could not properly have been granted when it was renewed.

7. This brings us to the consideration of the exceptions which the appellant relied on at the oral argument. They are

the seventh and eighth, which can be considered together. The jury returned a verdict at the conclusion of the case "for the plaintiff for the sum of $1,950." The appellant filed a motion in arrest of judgment which the Court overruled, "having first directed the correction of the form of the verdict as set out in the 8th bill of exceptions." In that bill there is an order of the Court addressed to the clerk as follows: "You are hereby directed to amend the docket entries in the above entitled cause by inserting after the words—'Judgment *nisi* on verdict for plaintiff for $1,950, October 25th, 1906—the words 'as against the defendant, The Diamond State Telephone Company and judgment for the defendant; The Chestertown Electric Light and Power Company, for costs," The docket entries show that was filed October 30th, 1906, and the Court thereupon entered judgment for the Light and Power Company, and an absolute judgment against the Telephone Company upon the verdict for $1,950. To that action the eighth exception was taken.

It is said in 22 *Ency.* of *Pl. & Pr.*, 962, that "The power of a Court to amend the verdict of a jury existed at common law, the general rule being that the trial Court might amend a verdict so as to make it conform to the intent of the jury and effectuate its real meaning, wherever this could be ascertained. This is still not only the power but the duty of the Court." Many cases are cited in the notes to sustain that statement. In *Browne* v. *Browne*, 22 Md. 103, our predecessors quoted from LORD MANSFIELD in *Hawks* v. *Crofton*, 2 Burrows, 699, that "Where the intention of the jury is manifest and beyond doubt, the Court will set right matters of form," and from JUSTICE DENNISON in the same case, citing Hobart, 54, that "Though the verdict may not conclude formally or punctually to the words of the issue, yet if the point in issue can be concluded out of the finding, the Court shall work the verdict into form and make it serve." It is undoubtedly the duty of a Court to sustain a verdict when that can be done from its language and from the record. While this Court has been cautious in allowing amendments to verdicts, after they are

recorded, it has not hesitated to do so when there was no reasonable doubt about the intention of the jury. In *Browne* v. *Browne*, *snpra*, five issues, sent from the Orphans' Court, were submitted to the jury which found a verdict "for the defendants," instead of a verdict on each issue as they should have done, but our predecessors held it sufficient. In *Gaither* v. *Wilmer*, 71 Md. 361, so much relied on by the appellant, the verdict was simply "for the plaintiff," without fixing any amount. The lower Court amended the verdict by inserting an amount after the verdict had been recorded, and several days after the jury had separated. This Court held that the motion in arrest of judgment should have been sustained, but the amendment allowed in that case by the lower Court was altogether different from that in this, and upon wholly different grounds. The two counsel for the plaintiff filed an affidavit that during the trial the calculation of the amount claimed by the plaintiff was made, and submitted to one of the counsel for the defendant, that there was written on a blackboard in sight of the jury the sum of $5,378.72, which was the amount of the verdict, and that the counsel for the defendant admitted that, if the jury found for the plaintiff, the amount so written was the proper sum for which to find a verdict. The defendant's counsel denied such admission and objected to the reception of the affidavit, but the lower Court accepted it and so amended the verdict. This Court held that such affidavits were not sufficient to justify the amendment, and it then considered the contention that the amount had been agreed upon and said: "But we find no such admission made by the pleadings, either directly or inferentially. On the contrary, the pleas of *non assumpsit* and set off put in issue the amount of recovery, as well as the right of the plaintiff to recover at all; and it was the province and duty of the jury to find this amount by their verdict. Nor is it pretended that any written agreement on this subject was ever made between counsel. If such written agreement had been made, filed, and entered upon the docket, the case would have presented a different aspect." The opinion therefore strongly implied that if there

had been an admission of the amount to be recovered in the pleadings, or a written agreement had been filed and entered upon the docket, the amendment of the verdict would have been justified, and we can see no possible reason why that would not have been so.

The cases of *Ford* v. *State*, 12 Md. 514, and *Williams* v. *State*, 60 Md. 402, also relied on by the appellant, do not reflect upon the question before us. They held that a verdict of "guilty" on an indictment for murder was not sufficient, but it was because our statute requires the jury to "ascertain in their verdict whether it be murder in the first or second degree." Inasmuch as either of those verdicts may be rendered under our practice, on an indictment for murder, and the one is punishable by death and the other by imprisonment in the penitentiary, of course the jury must determine the degree, and no uncertainty about their verdict can or ought to be allowed. In 22 *Ency. of Pl. & Pr.*, 959, it is said "Where, in an action against several defendants, the jury finds against one or more, but is silent as to the others, the verdict will be construed as a finding in favor of the defendants ignored." We have no direct decision in this State on that question, but in *Hechter* v. *State*, 94 Md. 429, we held that a verdict of guilty on the first and second counts of an indictment, which charged the traverser with receiving stolen goods, knowing them to have been stolen, but which was silent as to the third and fourth counts, which charged him with being accessory before the fact to the larceny, was equivalent to a verdict of not guilty on the third and fourth counts. We distinctly overruled *State* v. *Sutton*, 4 Gill. 494, where JUDGE SPENCE said "The law seems to be well settled upon authority that if the jury find but a part of the matters put in issue, and say nothing as to the rest, it is ill."

In this case the prayer instructing the jury that their verdict must be for the Light and Power Company was filed and noted upon the docket entries as granted, and the appellant "thereupon" renewed its action to remove the case to the United States Court, and that being overruled renewed its

motion to remove the case to another county for trial. The docket entries show "Plaintiff's 1st, 2nd and 3rd prayers granted—Defendant's 1st and 2nd prayers granted, October 25th, 1906." The prayers themselves are not in the record but the singular "Defendant's" is used. The use of the singular instead of the plural is, of course, not conclusive and is oftentimes of but little importance, but it is one of several docket entries which tend to show that it was understood that the Light and Power Company was out of the case, after its prayer was granted. Indeed the entries are remarkably accurate in their use of the singular and plural, and when both companies were referred to, the plural "defendants" was used and when only one the singular "defendant," or the possessive "defendant's," was used. Although the record does not disclose the fact, the case was doubtless argued, and as the two companies had separate counsel, if the attorney for the Light and Power Company had taken any part in the trial after its prayer was granted, it would doubtless have been so stated in the bills of exception. Separate pleas were filed by the two companies—signed by different attorneys—The Light and Power Company objected to the removal to the United States Court, then to the removal to a State Court and offered the prayer at the conclusion of the plaintiff's testimony which applied *alone to it*. After its prayer was granted and the applications for removal were renewed that company is not shown by the record to have further objected, as it had done before the prayer was granted, or to have taken any part in the case. It is difficult to conceive how the jury could have been mistaken, under these circumstances, as to whether both or only one of the companies were still before them. It would be a reflection upon their intelligence to assume that it was possible for twelve men to then have any doubt as to who were regarded as the parties to the suit—after they had thus been instructed that their verdict must be for the Light and Power Company, had heard the motions made by the appellant, which were renewed on the ground that the Light and Power Company was no longer a party, and had observed what must have taken

place in their presence. The proper practice undoubtedly was to have taken the verdict when the prayer was granted, but it was overlooked. As it did not occur to the Court or to the counsel, it can scarcely be contended that the jury knew or supposed it was necessary to be done, in order to take the Light and Power Company out of the case.

The jury could not have rendered a verdict against the Light and Power Company, after the prayer was granted, without violating their duty and acting in contempt of the Court. Nor can we assume that they might have rendered a larger verdict if they supposed both companies were defendants than they would have done if they had known that the appellant was the only defendant. As we have seen above, the verdict against the two companies could only have been rendered upon proof of a joint participation by both, although the tort participated in by the two is looked upon as the separate and individual act of each. It was therefore the duty of the jury to allow the plaintiff such damages as was shown he was entitled to—no more and no less—whether against the appellant or both companies. If by any possibility the jury could have supposed the Light and Power Company was still a defendant, it would seem that the Telephone Company would have profited thereby rather than have been injured, because the jury would have been confined to damages caused by the joint participation of the two.

In the absence of something in the record to the contrary, we must assume this case was conducted in accordance with the practice of our Courts. When an attorney representing one of the defendants has obtained an instruction from the Court that his client is not responsible for the wrong complained of, it may be assumed that he no longer made any contention before the jury for that client—indeed the Court would not permit its time to be wasted in that way. There would be no evidence offered, no prayers offered and no argument made for a defendant who had been thus declared not liable, and it is impossible to believe that any twelve men selected to serve as jurors would be so ignorant as not to un-

derstand that they were no longer called upon to pass upon the liability of such a defendant. We can see no reason why the Court could not make the corrections which were made in this case. It might do the Light and Power Company great injustice to have the judgment arrested, which would result in a new trial, and there is nothing to show that any injustice can be done the Telephone Company by refusing the motion in arrest. The plaintiff is not asking for a new trial, and the result of our conclusion is that a verdict is made to stand against a defendant that by every presumption of law, and from such evidence as we have before us was the one, and only one, intended to be held liable by the jury, and the other defendant, which was clearly intended and entitled to be relieved after the instruction was given, is discharged from all responsibility, while the plaintiff's verdict is not disturbed. The order of the Court was in the nature of a *nunc pro tunc* order, although not strictly so, and being satisfied, as we are, that it was not possible for any intelligent jury to be mistaken as to the parties it then had before it, and hence there can be no uncertainty as to the intention of the jury in rendering the verdict, the case presented to us is practically such a one as if the jury had said "verdict for the plaintiff for the sum of $1,950, against The Diamond State Telephone Company," and had said nothing about the Light and Power Company. In such a case there is ample authority for construing the verdict as a finding in favor of the latter company, and there is no decision in this State which in any wise prohibits such construction, but if there was any doubt about it in ordinary cases there can be none when the Court had instructed the jury to so find, and a formal verdict was simply overlooked.

*Judgment affirmed, the appellant to pay the costs.*