# HARRY B. JAMES

## *vs.*

## AKRON TIRE AND RUBBER CO.

*Uncertainty of Verdict—Amount of Interest—Harmless Error.*

A verdict for plaintiff in a specified sum "with interest" is not, by reason of the failure to state the sums on which or the date from which interest is to be computed, so vague and uncertain as to call for a reversal, on appeal by defendant, of the judgment entered thereon, such judgment being only for the specified sum, with interest, as required by statute, from the date of the verdict.                                             p. 484

*Decided January 13th, 1920.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*T. Scott Offutt,* with whom were *Philip H. Close* and *Stevenson A. Williams* on the brief, for the appellant.

*Lee I. Hecht,* with whom was *W. Gill Smith* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appellee brought suit on the common counts in assumpsit to recover for goods bargained and sold to the defendant, and filed with the declaration an account showing the balance due to be $154.82. At the trial of the case in the Circuit Court for Baltimore County, the jury rendered a verdict for the plaintiff for "$154.82 and interest," and there-

upon the defendant filed a motion in arrest of judgment on the following grounds: (1) Because the jury "did not return a valid verdict." (2) Because the verdict was too vague, indefinite and uncertain to support a judgment. (3) Because the verdict "was for no definite or ascertained sum." The Court below overruled the motion, and entered a judgment for the plaintiff for $152.82, with interest from June 3rd, 1919 (the date of the verdict) and costs, and this appeal is from that judgment.

The contention of the appellant is, as indicated in his motion, that "inasmuch as the verdict included an allowance for interest without stating on what sums or from what date the interest was allowed that it was for that reason so uncertain and ambiguous that no judgment could properly have been entered upon it." He relies upon the case of Gaither v. Wilmer, 71 Md. 361, where the suit was on two promissory notes, and the jury, on the 21st of June, 1889, returned a sealed verdict simply "for the plaintiff," without stating the damages or the amount the plaintiff was entitled to recover. The verdict was handed to the trial judge, who stated to counsel that it was defective, and asked if they would consent to its being corrected. Counsel for the defendant declined to do so, the verdict was then recorded, and the defendant filed a motion in arrest of judgment. On the 25th of June, one of the counsel for plaintiff filed an affidavit to the effect that during the trial a calculation of the amount claimed was made by one of plaintiff's counsel, and was reviewed by counsel for the defendant and written on the blackboard in sight of the jury; that the amount was $5,378.72, and was still on the blackboard; that thereupon counsel for the defendant admitted that if the jury found for the plaintiff the amount so written was the "proper amount for which to find a verdict." Counsel for the defendant objected to the affidavit being received by the Court, but the Court overruled the objection, and on the 27th day of June the Court amended the sealed verdict by inserting in the verdict after the

words "for the plaintiff" the words "for the sum of
$5,378.72," and on the same day entered a judgment on the
verdict for that sum. In disposing of the case, JUDGE
MILLER, speaking for the Court, said: "Without doubt, a
verdict in an action like the present, simply 'for the plain-
tiff,' without stating the damages, or the amount the plain-
tiff is entitled to recover, is fatally defective. It is not mere-
ly an informal verdict, which the Court can mould into
proper shape by referring to the pleadings and issues, but is
substantially defective. In all cases where the action is upon
a contract or for damages, the verdict, if for the plaintiff,
must be for an amount specified; otherwise the Court cannot
enter a judgment upon it for any amount." The Court held
that as the judge had discovered the defect in the verdict
before it was recorded, and while the jury were in attendance
in open court, he could have sent them to their room with in-
structions to correct the defect, whether counsel assented or
not, but that the Court had no power to amend the verdict
at the time the amendment was made and under such cir-
cumstances, and the judgment was accordingly reversed.

The principle stated by JUDGE MILLER is supported by
both sound reasoning and authority, but the distinction be-
tween that case and the case at bar is obvious. In that case
the verdict rendered by the jury did not specify any amount
of damages, and the judgment was entered for an amount not
found or determined by the jury. In this case the verdict
did contain a specified amount, and attempted to award the
plaintiff, in addition thereto, another and unascertained
amount, and the judgment was entered for the amount spe-
cified in the verdict, with interest thereon, as required by the
statute, from the date of the verdict. The Court, before the
verdict was recorded could, in accordance with the approved
practice, have sent the jury to their room to ascertain the
amount of interest they intended to allow, but as the Court
received the verdict, and the plaintiff makes no objection to
it, and is willing to accept a judgment for the amount *speci-*

*fied* therein, we see no ground for valid objection on the part
of the defendant.   It is true, if the jury had been sent back
to their room to determine the interest to be allowed, they
could have changed their verdict, even to the extent of giving
a verdict for the defendant, but if the verdict in question was
one upon which a judgment could properly be entered, the de-
fendant has no good reason to complain that he was denied
the benefit of the mere possibility of such a change.   If the
defendant's motion had been filed by the plaintiff, the case
would have presented a different question, but the settled
rule of this Court is that a judgment will not be reversed
except for errors calculated to prejudice the appellant, and
we see no reason why a different rule should be applied in
this case.   In the case of *Charles County* v. *Mandanyohl*, 93
Md. 150, JUDGE JONES, in disposing of a motion in arrest of
judgment, and a motion to strike out the judgment, and
speaking for the Court, said: "Here it is not pretended that
the defendants suffered any injury from the omission which
is the subject of these motions, or were deprived of any right
or put to any disadvantage in the trial of the case; or were
in any way prevented from making as full and complete a
defense under their plea as if the omission in question had
not been made."

For the reasons stated, and without departing from the
rule announced in *Gaither* v. *Wilmer, supra,* we must affirm
the judgment of the Court below.

*Judgment affirmed, with costs.*