45 A.3d 835

**Direse Helen HASTINGS**

v.

**Catherine Lynn TURNER.**

**No. 2448, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

June 5, 2012.

414

Ernest I. Cornbrooks, III & Roscoe R. Leslie (Webb, Burnett, Cornbrooks, Wilber, Vorhis, Douse & Mason, LLP, on the brief), Salisbury, MD, for appellant.

Steven D. Cox, Salisbury, MD, for appellee.

Panel: MEREDITH, WATTS, BERGER, JJ.

WATTS, J.

This appeal concerns the Circuit Court for Worcester County's award of damages to appellee, Catherine Lynn Turner, following a civil jury trial in which the jury returned a verdict that appellant, Direse Helen Hastings, had negligently caused an automobile accident between the parties but appellee had sustained no injuries. Appellant noted an appeal raising two issues, which we rephrased as follows:[1]

I.   Whether the circuit court improperly awarded appellee damages where the portion of the verdict concerning damages had not been announced in open court?

II.  Whether the inclusion of damages as part of the verdict rendered the verdict irreconcilably inconsistent?

We answer the first question in the affirmative and, as a result, we need not address the second question. Accordingly,

---

1.  Appellant phrased the issues as follows:
    I.   The Trial Court Improperly Included an Award of Damages in the Verdict That Had Not Been Returned in Open Court or Hearkened to by the Jury. Under Maryland Law, the Damage Awards Are Not Part of the Jury's Verdict.
    II.  Even If the Damages Award Are Considered Part of the Jury's Verdict, the Verdict Is Irreconcilably Inconsistent and Cannot Stand.

we shall vacate the judgment and remand for the entry of judgment consistent with the verdict as announced in open court.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 4, 2008, appellant and appellee were involved in a motor vehicle accident in Worcester County, Maryland. On July 6, 2009, appellee filed suit against appellant, alleging negligence, assault, battery, false imprisonment, and intentional infliction of emotional distress. On August 26, 2009, appellant answered the complaint, denying the allegations and alleging negligence on the part of appellee. On September 27, 2010, and September 28, 2010, a jury trial was held in the Circuit Court for Worcester County. At the close of the evidence in the case, the circuit court instructed the jury as to the use of the verdict sheet in the negligence cause of action as follows:

> [The] verdict form [for the automobile accident], question one says, has it been proven by a preponderance of the evidence that the [appellant] was negligent? There is a place for yes and a place for no. You make your decision. Then there is a little instruction after that that says, if you have answered no to question one, please terminate your deliberations....
>
> The reason for that is, if there is no negligence then there is no cause of action.
>
> If your answer is yes, then you go on to number two. Number two is, has it been proven by a preponderance of the evidence that [appellee] was negligent in the operation of her motor vehicle and that such negligence on her part proximately caused or contributed to the motor vehicle accident referred to in the evidence?
>
> Again, there is a place for yes or no. You are then, again, instructed, if you've answered yes to question two, please terminate. Because if, in fact, she is also negligent, then she can't recover. You are further instructed if your answer is no, then you do continue on with the verdict form. And you

go to question number three. And question three is, has it been proven by a preponderance of the evidence that [appellee] sustained injuries as a result of the motor vehicle accident referred to in the evidence? **Again, yes or no. Obviously, if it's no, then you have completed your deliberations on that part of the case.** If yes, then you go on to number four, which are the damages. And then it's delineated, what damages has [appellee] proven by a preponderance of the evidence? A, is medical expenses incurred in the past. There is a place to fill in whatever amount, if any, that you determine and so forth. B is loss of income. C is non-economic damages. And D is property damage to the taxicab.

The verdict sheet contained several sets of instructions. The first paragraph of the verdict sheet read as follows:

It is your duty to return a verdict in the form of written answers to the written questions which are being submitted by the Court to you. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case and the Court's instructions.

Questions 1, 2, and 3, with intermittent instructions, appeared on the verdict sheet as follows.

1. Has it been proven by a preponderance of the evidence that [appellant] was negligent?

_____ YES    _____ NO

**IF YOU HAVE ANSWERED "NO" TO QUESTION NO. 1, PLEASE TERMINATE YOUR DELIBERATIONS AND NOTIFY THE BAILIFF. IF YOU HAVE ANSWERED "YES" TO QUESTION NO. 1, PLEASE RESPOND TO QUESTION NO. 2.**

2. Has it been proven by a preponderance of the evidence that [appellee] was negligent in the operation of her motor vehicle and that such negligence on her part proximately

caused or contributed to the motor vehicle accident referred to in the evidence?

_____ YES _____ NO

**IF YOU HAVE ANSWERED "YES" TO QUESTION NO. 2, PLEASE TERMINATE YOUR DELIBERATIONS AND NOTIFY THE BAILIFF. IF YOU HAVE ANSWERED "YES" TO QUESTION NO. 1 AND IF YOU HAVE ANSWERED "NO" TO QUESTION NO. 2, PLEASE ANSWER QUESTION NO. 3.**

3. Has it been proven by a preponderance of the evidence that [appellee] sustained injuries as a result of the motor vehicle accident referred to in the evidence?

_____ YES _____ NO

**IF YOU HAVE ANSWERED "NO" TO QUESTION NO. 3, PLEASE TERMINATE YOUR DELIBERATIONS AND NOTIFY THE BAILIFF. IF YOU HAVE ANSWERED "YES" TO QUESTION NO. 3 PLEASE ANSWER QUESTION NO. 4.**

(Emphasis in original).

During deliberations, the jury completed the verdict sheet by checking "Yes" under Question No. 1, "No" under Question No. 2, and "No" under Question No. 3. Despite the trial judge's instructions and the directions on the verdict sheet to terminate deliberations if the answer to Question No. 3 was "No," the jury answered Question No. 4. The jury's purported response appeared on the verdict sheet as follows:

4. What damages has [appellee] proven by a preponderance of the evidence?

a. Medical expenses incurred in the past: $325.00

b. Loss of income reasonably probable to have been incurred in the past: $18,000

c. Non-economic damages including pain and suffering: $ 0

| | |
|---|---|
| d. Property damage to the taxi cab: | $2,820 [2] |

The verdict sheet was signed by the jury foreperson.

At the conclusion of deliberations, the jury returned its verdict as to the negligence claim in open court as follows:

THE CLERK: Mr. Foreperson, what say you, has it been proven by a preponderance of the evidence that [appellant] was negligent?

THE FORE[PERSON]: Yes.

THE CLERK: Has it been proven by a preponderance of the evidence that [appellee] was negligent in the operation of her motor vehicle, and that such negligence on her part proximately caused are [sic] contributed to the motor vehicle accident referred to in the evidence?

THE FORE[PERSON]: No.

THE CLERK: Has it [been] proven by a preponderance of the evidence that [appellee] sustained injuries as a result of the motor vehicle accident referred to in the evidence?

THE FORE[PERSON]: No.

After the announcement of the verdict as to Question Nos. 1, 2, and 3, the courtroom clerk did not inquire about a response to Question No. 4, regarding damages. Appellant neither objected nor excepted to the verdict. Neither party requested that the jury be polled pursuant Maryland Rule 2–522(b), and the circuit court did not conduct a poll on its own initiative.[3] The jury was hearkened to the verdict affirmatively as to Question Nos. 1, 2, and 3 on the verdict concerning negligence, and was dismissed by the trial judge. Following a short recess, the trial judge advised counsel that although the jury had answered "no" to Question No. 3, it had nonetheless answered Question No. 4 on the verdict sheet. The trial judge advised that "the best thing to do is to enroll this as their

---

2. The amounts totaled $21,145.

3. In response to a question that had been submitted on a separate verdict form, the jury returned a verdict that appellant had not assaulted appellee. Neither party requested that the jury be polled. The jury was hearkened to the verdict.

verdict form," and gave the parties thirty days to file memoranda addressing the apparent discrepancy. On October 8, 2010, appellant submitted a Motion to Revise Judgment arguing that the judgment must conform with the verdict as "set forth and hearkened to by the jury in open court." On October 28, 2010, appellee filed a Response to the Motion to Revise Judgment and a Memorandum in Support of the Monetary Judgment as Written and Signed by the Jury. On December 7, 2010, the circuit court issued an order denying the Motion to Revise, and, without explanation, awarding damages to appellee in the amount of $21,145. Appellant noted a timely appeal.

## DISCUSSION

■ Appellant contends that the circuit court erred in awarding damages because the verdict as to damages was not returned in open court, as required by Maryland Rule 2–522(b), and the jury was not hearkened to the verdict on damages. Appellant argues that, because the damages award was not read in open court, she had no opportunity to poll the jury as to unanimity, contrary to Maryland Rule 2–522.

Appellee responds that the circuit court properly reconciled the jury's verdict by awarding the damages specified on the verdict form.

The return of verdicts in civil cases in Maryland is controlled by Maryland Rule 2–522, which provides in pertinent part:

> (b) Verdict. The verdict of a jury shall be unanimous unless the parties stipulate at any time that a verdict or a finding of a stated majority shall be taken as the verdict or finding of the jury. **The verdict shall be returned in open court.** On request of a party or on the court's own initiative, the jury shall be polled before it is discharged. If the poll discloses that the jury, or stated majority, has not **concurred in the verdict,** the court may direct the jury to retire for further deliberation or may discharge the jury.

(c) Verdict containing written findings. The court may require a jury to return a verdict in the form of written findings upon specific issues. For that purpose, the court may use any method of submitting the issues and requiring written findings as it deems appropriate, including the submission of written questions susceptible of brief answers or of written forms of the several special findings that might properly be made under the pleadings and evidence. The court shall instruct the jury as may be necessary to enable it to make its findings upon each issue....

(Emphasis added). The written findings permitted under Maryland Rule 2–522(c) may be in the form of a verdict sheet, "[t]he purpose of [which] is to facilitate the deliberations of the jury." *Rochkind v. Finch,* 196 Md.App. 195, 210, 9 A.3d 88 (2010) (citing *Ogundipe v. State,* 191 Md.App. 370, 385, 991 A.2d 200 (2010), *aff'd,* 424 Md. 58, 33 A.3d 984 (2011)). The Court of Appeals discussed the finality of verdicts in *Nails v. S & R, Inc.,* 334 Md. 398, 412, 639 A.2d 660 (1994), holding that:

[I]n a civil case, after a jury has rendered an initial verdict, the trial judge ordinarily may ask the jury to amend, clarify or supplement the verdict in order to resolve an ambiguity, inconsistency, incompleteness, or similar problem with the initial verdict, **up until the jury has been discharged and has left the court room.**

(Emphasis added). Dismissing the jury, therefore, renders the verdict final as it was returned.

Maryland appellate courts have not directly considered what constitutes the proper return of a jury verdict in open court, in a civil trial, under Maryland Rule 2–522. The Court of Appeals has, however, examined an identical requirement in Maryland Rule 4–327, the criminal procedure corollary to Maryland Rule 2–522. Maryland Rule 4–327 provides, in pertinent part:

(a) Return. The verdict of a jury shall be unanimous and **shall be returned in open court.**

\*    \*    \*

(e) Poll of jury. On request of a party or on the court's own initiative, the jury shall be polled after it has returned a verdict and before it is discharged. If the sworn jurors do not unanimously **concur in the verdict,** the court may direct the jury to retire for further deliberation, or may discharge the jury if satisfied that a unanimous verdict cannot be reached.

The language of each rule mirrors the other in providing: (1) that the verdict of the jury be unanimous (Maryland Rule 2–522 allows the verdict to be unanimous or agreed upon by a predetermined majority, whereas Maryland Rule 4–327 requires that the verdict be, in all cases, unanimous); (2) that a jury verdict "shall be returned in open court"; and (3) that the jury shall be polled either at the request of a party or on the trial court's initiative to ensure that the jury members concur in the verdict.

In *Jones v. State,* 384 Md. 669, 672, 866 A.2d 151 (2005), the Court of Appeals interpreted the meaning of the "return in open court" requirement of Maryland Rule 4–327(a). In that case, the jury considered four criminal charges against Jones, and found him guilty of all four charges on a verdict sheet which had been provided by the trial court and was signed by the foreperson. *Id.* at 677, 866 A.2d 151. The foreperson read the verdict in open court, however, only as to three of the four counts, and the jury was subsequently polled and hearkened to only those three counts. *Id.* at 675–77, 866 A.2d 151. The jury was then dismissed. *Id.* at 677, 866 A.2d 151. Despite the jury's failure to announce a verdict on the fourth count aloud in open court, the trial court sentenced Jones on all four counts that appeared on the verdict sheet. *Id.* The Court of Appeals reversed, holding that "the trial court could not legally impose a sentence for a verdict that was not orally conveyed in open court and to which the jury was neither polled nor hearkened." *Jones,* 384 Md. at 678, 866 A.2d 151.

In *Jones,* 384 Md. at 682, 866 A.2d 151, in analyzing the "return in open court" requirement of Maryland Rule 4–327, the Court of Appeals stated that "[t]hroughout the Rule's

many incarnations there has been no comment on what procedures are necessary for a jury to 'return' a verdict." The Court placed the requirement in context by examining how verdicts had been returned historically, specifically looking at the description of the return of the verdict in *Givens v. State,* 76 Md. 485, 25 A. 689 (1893). *Jones,* 384 Md. at 680–81, 866 A.2d 151. Based on this review, the Court described "the 'return' of a verdict by a jury [as] comprised of three distinct procedures, each fulfilling a specific purpose." *Id.* at 682, 866 A.2d 151. The first step occurs "[a]fter the jury return[s] to the jury box to deliver its verdict[. T]he foreman, speaking for the jury, orally answer[s] the inquiry of the clerk and state[s] the verdict to the trial court." *Id.* (citing *Givens,* 76 Md. at 487, 25 A. 689). The second step is a poll of the jury members upon request of one of the parties. *Jones,* 384 Md. at 682, 866 A.2d 151. "A poll of the jury is conducted to ensure the unanimity of the verdict prior to its entry on the record. 'The underlying requirement of a final verdict is that it be unanimous.'" *Id.* (quoting *Smith v. State,* 299 Md. 158, 166, 472 A.2d 988 (1984)). The third step is hearkening the jury to the verdict. *Jones,* 384 Md. at 684, 866 A.2d 151. "Hearkening of the jury to the verdict, like polling the jury, is conducted to 'secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered.'" *Id.* at 682, 866 A.2d 151 (citations omitted). The Court concluded that "for a verdict to be considered final in a criminal case it must be announced orally to permit the defendant the opportunity to exercise the right to poll the jury to ensure the verdict's unanimity." *Id.* at 685, 866 A.2d 151 (footnote omitted).

In *Ogundipe,* 424 Md. at 60–61, 66, 33 A.3d 984, the Court of Appeals considered whether a verdict sheet's "not guilty" answers that were not announced in open court could be considered part of the verdict. After a jury trial, the defendant was convicted of first-degree murder, attempted first-degree murder, and two counts of first-degree assault, among other charges. *Id.* at 64–65, 33 A.3d 984. The verdict as to each of these counts was announced orally, and the jury was

polled and hearkened to the verdict. *Id.* Upon review of the verdict sheet, however, the defendant discovered that the jury had checked "not guilty" next to each of the lesser included charges for each count on which he was convicted (second-degree murder, attempted second-degree murder, and two counts of second-degree assault). *Id.* at 65–66, 33 A.3d 984. In resolving the matter, the Court of Appeals stated:

> We held in *Jones*[, 384 Md. 669, 866 A.2d 151,] that the verdict on the fourth count was not valid because it was not orally announced in court. Similarly, in the present case, any questions on the verdict sheet that were not announced orally in court cannot be considered verdicts in themselves. The verdict sheet is merely a tool used to aid the jury in reaching its verdict; it therefore does not bind the jury or the court to its contents.

*Ogundipe,* 424 Md. at 72–73, 33 A.3d 984.

Although the Court of Appeals has not addressed the issue of what constitutes the return of a verdict in open court under Maryland Rule 2–522 as directly as it has the return of a verdict under Maryland Rule 4–327, the Court of Appeals has, over a course of time, described the procedure used for return of a verdict in a civil trial. In *Gaither v. Wilmer,* 71 Md. 361, 364, 368, 18 A. 590 (1889), the Court held that a trial court could not award damages when the jury had announced a verdict in open court simply "for the plaintiff" without specifying damages, even though both parties had stipulated during trial that, if the jury found for the plaintiff, he would be entitled to a particular sum. The return of the verdict in *Gaither,* 71 Md. at 364, 18 A. 590, was described as follows:

> [B]eing called on for their verdict, the foreman handed to the clerk the [ ] verdict . . . [t]he clerk handed this verdict to the Judge who [ ] look[ed] at it . . . and the Judge thereupon handed the verdict to the clerk, who entered [it] upon his docket: 'June 21st, 1889, [ ] verdict for [plaintiff] [ ], no amount'—and then said aloud: 'Gentlemen of the

jury, hearken[4] to your verdict as the Court has recorded it; you say by your [ ] verdict, presented by your foreman, that you find a verdict for the plaintiff, and so say you all now.' In this the jury acquiesced, and then left the box.

In *Gaither*, the jury was present in the courtroom as the verdict was delivered to the clerk, who read the verdict aloud, and the jury was hearkened to the verdict as read. *Id.*

In *Nails*, 334 Md. at 413, 639 A.2d 660, the Court of Appeals held that it was permissible to submit an additional verdict sheet to the jury in order to clarify questions of law because, although the jury had returned its verdict in open court and been dismissed, the jury had not yet left the courtroom.[5] The return of the verdict in that case was described as follows:

After deliberating at length, the jurors announced that they had reached their verdicts and returned to the box. The

---

**4.** The word "hearken" has been used to refer to the process of asking the jury to assent to a verdict in civil litigation in Maryland since at least the nineteenth century. *See Gaither*, 71 Md. at 364, 18 A. 590. In *Ross v. State*, 24 Md.App. 246, 254–55, 330 A.2d 507 (1975), *rev'd on other grounds*, 276 Md. 664, 350 A.2d 680 (1976) and *superseded by statute on other grounds as stated in, Drake v. State*, 186 Md.App. 570, 975 A.2d 204 (2009), this Court stated:

"The formalizing ceremony of 'hearkening' is an alert to the jury to secure certainty and accuracy enabling them to correct any manifest mistake. Hearkening also serves as an admonition to counsel and the litigants that such verdict 'as the court hath recorded it' will no longer be subject to alteration or amendment. It is upon the perfection of that verdict expressed by the jurors' assent either through their acquiescence by hearkening, or through individual consent by poll, that the jury's right to retract that verdict is concluded."

(Citations and footnotes omitted). "Hearken" is defined by Merriam Webster's Collegiate Dictionary as "listen" or "to give respectful attention." *Merriam Webster's Collegiate Dictionary*, 574 (11th Ed.2004).

**5.** In *Nails*, 334 Md. at 408, 639 A.2d 660, the Court of Appeals was asked to determine whether a jury verdict becomes final when it is announced and the jury is hearkened to it, or whether the verdict can be subsequently amended. The Court observed that the holding in *Hoffert v. State*, 319 Md. 377, 572 A.2d 536 (1990), that a verdict announced aloud in court could not subsequently be amended was inapplicable to civil cases like *Nails* because amending the verdict in *Hoffert* "implicated the criminal law principle 'that once a verdict of not guilty has been rendered at the conclusion of a criminal trial, that verdict is final.' " *Nails*, 334 Md. at 412, 639 A.2d 660.

foreperson handed the verdict sheets to the clerk, who read them aloud.

. . .

After the clerk read the verdict sheets aloud, the clerk then asked: "Ladies and gentlemen, your verdict as it will be recorded, is that the verdict of all twelve of you ladies and gentlemen?" The jurors responded affirmatively.

*Id.* at 403–04, 639 A.2d 660. It is clear, therefore, that courts in civil cases have long interpreted the requirement that a verdict shall be "returned in open court" to mean an oral announcement of that verdict followed by some manner of assent from the jury members.

■ Upon return of a verdict, the trial court "might amend [the] verdict so as to make it conform to the intent of the jury and effectuate its real meaning, wherever this [can] be ascertained." *Diamond State Tel. Co. v. Blake*, 105 Md. 570, 575, 66 A. 631 (1907) (citation omitted). This power "existed at common law," and "is still not only the power but the duty of the Court." *Id.* (citation omitted). The court may do so, however, only "[w]here the intention of the jury is manifest and beyond doubt[.]" *Id.*

In this case, applying the principles set forth above, we conclude that the circuit court erred in awarding damages because: (1) the verdict as to damages was not announced in open court; (2) appellant was deprived of an opportunity to request a poll of the jury on the issue of damages; (3) the jury was not hearkened to the verdict as to damages; and (4) the damages were added to the verdict after the jury had been dismissed and the verdict had become final. It is beyond dispute that the process by which damages were assessed failed to comply with Maryland Rule 2–522(b), which provides, "[t]he verdict shall be returned in open court." It is well settled in Maryland that "unless the context [of a rule] indicates otherwise the word 'shall' is presumed to have a mandatory meaning inconsistent with the exercise of discretion." *Carter v. Harris*, 312 Md. 371, 377, 539 A.2d 1127 (1988) (citations omitted). The plain language of Maryland Rule 2–

522(b) mandates that verdicts be returned in open court, a process that has unequivocally been described in case law to include an oral announcement—and that we now hold requires such an oral announcement in open court.

Although Maryland Rule 2–522(c) gives the court discretion to "require a jury to return a verdict in the form of written findings upon specific issues[,]" this does not obviate the requirement of subsection (b) that the verdict shall be returned, *i.e.* read aloud, in open court. Such a reading of the "return" requirement is in accordance with Maryland Rule 2–522(b), which provides that the court shall poll the jury upon request of a party or on its own initiative to ensure that the requisite number of jurors concur with the verdict. The poll is to be taken aloud on-the-record in open court. It is abundantly clear that Maryland Rule 2–522(b) requires an oral return of the verdict in open court-whether or not the verdict is in written form in response to specific questions pursuant to Maryland Rule 2–522(c)-followed by an opportunity for a poll of the jury. In this case, the award of damages was written on the verdict sheet, but not orally announced in court, thus depriving appellant of the opportunity to request a poll of the jury on that issue, as required by Maryland Rule 2–522(b), as well as the opportunity to request that the jury be hearkened to the verdict.[6] As such, the circuit court erred in, without explanation, imposing damages as part of the verdict.

---

**6.** In *Jones*, 384 Md. at 683–84, 866 A.2d 151, the Court of Appeals held that unanimity-which is required to finalize the verdict in a criminal case-is determined by polling the jury, if the defendant requests, or else is determined by hearkening. The requirement of polling or hearkening is longstanding in criminal cases. *See Givens*, 76 Md. at 487, 25 A. 689 ("[U]ntil the assent of the jury is expressed [by a hearkening], or by a poll, the jury has a right to retract; and that the verdict is not perfected until after the jury has expressed their assent in one of these ways."). In *State v. Santiago*, 412 Md. 28, 32, 34, 985 A.2d 556 (2009), a case in which the jury was neither polled nor hearkened, the Court of Appeals reiterated that in a criminal case, if the jury is not polled, the court must hearken the verdict. The Court of Appeals held: "Though polling may be waived, both polling and hearkening may not be waived in the same case." *Id.* at 32, 985 A.2d 556. *See also Alford v. State*, 202 Md.App. 582, 612–16, 33 A.3d 1004 (2011) for a discussion of polling and hearkening in criminal cases. We similarly conclude that,

Compounding the problem, the jury was hearkened to the verdict as to Question Nos. 1, 2 and 3 as announced in open court, and then was dismissed. As discussed earlier, hearkening is a safeguard that ensures that the verdict is indeed unanimous or that the requisite number of jurors consent to the verdict. In this case, the jury was affirmatively hearkened to the verdict announced in court—that appellee incurred no damages—confirming that this was the unanimous verdict. Upon dismissal of the jury, the verdict as announced in open court—addressing only Question Nos. 1, 2 and 3–became the final verdict of the jury.

Amending the verdict to include an award of damages was not within the circuit court's power because, in this case, the intention of the jury in responding to Question No. 4 was not "manifest and beyond doubt[.]" *Diamond State Tel. Co.*, 105 Md. at 575, 66 A. 631. There are a myriad of explanations for why the jury wrote figures in response to Question No. 4 other than that the jury intended to award damages as part of the verdict—*e.g.* as notes during deliberations, as an attempt to document appellee's requests of the jury, or as part of a process before the jury reached unanimity-but there is no way to determine precisely why it was done. In awarding damages, the circuit court improperly altered the final verdict of the jury.

For all of the reasons above, we hold that the circuit court abused its discretion in entering the award of damages. We vacate the judgment and remand with instructions that the circuit court enter judgment consistent with the verdict as announced in open court.[7]

---

in civil cases, polling or hearkening is necessary to ascertain the jury's assent to the verdict announced in open court.

7. Because we hold that the circuit court erroneously awarded damages as part of the verdict, we need not reach question II regarding the inconsistency of the verdicts. Nothing in this opinion forecloses appellee from pursuing, in the future, any post-judgment relief available under the Maryland Rules.

JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR WORCESTER COUNTY WITH INSTRUCTIONS TO ENTER JUDGMENT CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.