## MEDLEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. Nos. 34 & 36, October Term, 1955.]

[H. C. No. 1, October Term, 1956 (Adv.).]

*Decided June 13, 1956.*

Before Brune, C. J., and Delaplaine, Collins, Henderson and Hammond, JJ.

Henderson, J., delivered the opinion of the Court.

These applications for leave to appeal from denials of writs of *habeas corpus* were consolidated at the petitioner's request. A previous application for leave to appeal was denied in *Medley v. Warden,* 207 Md. 634, *certiorari* denied, 350 U. S. 925.

The petitioner was tried and convicted on October 13, 1954, by the Circuit Court for Anne Arundel County on six charges of forgery committed in September, 1954. He was sentenced to six years in the Maryland House of Correction. At the trial he was represented by competent counsel and entered a plea of not guilty. No question was raised as to the jurisdiction of the court, and no appeal was taken. On December 15, 1955, he was tried and convicted in the Criminal Court of Baltimore on four charges of forgery committed in September, 1954, to which he pleaded guilty. He was sentenced to one year to run concurrently with his previous sentence. Since he is detained under both sentences, the State contends that a consideration of the legality of his detention under the first conviction is premature. However, the petitioner contends that neither court had jurisdiction to impose the sentences.

The petitioner describes in his brief the sequence of events leading up to his arrest and trial. He travelled from North Carolina to Fairfax, Virginia, with a printing press and other paraphernalia, and at his room in a motel there prepared a number of "phony" payroll checks purporting to have been drawn to his order by a Hagerstown construction company. A few days later he endorsed and passed these checks to mer-

chants in Annapolis and Baltimore for goods purchased. He was arrested by Annapolis police, who used at the subsequent trial evidence obtained from a search of his room by Virginia police. The contentions that this evidence was improperly admitted, or was legally insufficient, were dealt with in his previous application for *habeas corpus*. His chief present contention is that there was no proof that the crimes of forgery were committed in Maryland, and hence the Maryland courts lacked jurisdiction. We think the contention is without merit.

The petitioner relies upon a statement in *Ginsberg, Criminal Law,* p. 330, that forgery is committed where the false writing is made, with intent to defraud. See also 2 *Beale, Conflict of Laws,* p. 1355. He contends that there is no evidence that the checks were printed in Maryland, although he admits that he endorsed them at the time they were cashed. The fact that he might have been prosecuted under the False Pretense Act or the Worthless Check Act, Code (1951), Art. 27, secs. 165 and 167, is immaterial. *Lyman v. State,* 136 Md. 40. Cf. *Willis v. State,* 205 Md. 118, 125. He was charged in separate counts with forging and uttering, which are both designated as offenses under Code (1951), Art. 27, sec. 51. It is a complete answer to the petitioner's contention that the proof of uttering, which is not denied, would alone support the general verdicts. Cf. *Harris v. State,* 182 Md. 27, 31.

It is stated in 23 Am. Jur., § 37, that as between states forgery is deemed to be committed at the place where the false instrument is uttered. Jurisdiction over the subject-matter may attach where acts are performed in one state with the intention of producing an illegal effect in another, or where the crime is consummated. *State v. Kriss,* 191 Md. 568, 575; *Restatement, Conflict of Laws,* § 65, and § 428. See also *Bloomer v. State,* 48 Md. 521, 535, and *Stout v. State,* 76 Md. 317. It is not a fatal objection that there may be concurrent jurisdiction at the place where the offense is begun. 1 *Wharton, Criminal Law* (12th ed.), § 334. In 1 *Wharton, Criminal Evidence* (12th ed.), § 92, it is also said: "In the absence of evidence to the contrary, it may be presumed that a forgery was committed where the forged instrument was first

uttered by the defendant or found in his possession." Insofar as the question is one of venue, it is waived by pleading to the charge. Cf. *Kisner v. State,* 209 Md. 524. In any event, the jurisdictional requirement was satisfied by the fact that the offense of uttering occurred in the localities where the charges were laid.

The petitioner contends generally that he was deprived of constitutional rights to a fair trial, but alleges no facts, other than the alleged lack of jurisdiction, to support the claim. Cf. *Bell v. Warden,* 207 Md. 618. His contention that because detainers have been filed against him, for alleged crimes committed in Baltimore City, in Pennsylvania, and elsewhere, his constitutional right to a speedy trial is being violated, is without merit. Whatever the scope of that right may be, as regards pending indictments for other crimes, on which he seasonably demands trial, *Harris v. State,* 194 Md. 288, it could not afford a ground for release from confinement for crimes of which he has been convicted and sentenced. He alleges that his conviction in the Criminal Court of Baltimore was improperly delayed for a period of sixteen months, but it appears that he was brought to trial there as soon as he demanded it. In any event, even an improper delay would not justify release on *habeas corpus,* although it might be urged on direct appeal. *Taylor v. Warden,* 201 Md. 656.

In an "Amendment to Brief" filed in this Court, the petitioner raises the further point that limitations had run upon the crimes for which he was indicted and convicted, on a plea of guilty, in the Criminal Court of Baltimore. If we assume, without deciding, that the point was not waived by the plea of guilty, and that it would be open on *habeas corpus,* the record does not show that the prosecution was not commenced within a year from the date of the offense, and in any event, the one-year statute of limitations on which he relies, Code (1951), Art. 57, sec. 11, does not apply to prosecutions under Code (1951), Art. 27, secs. 51, 165 and 167, since these sections authorize imprisonment in the Penitentiary. See *Simmons v. State,* 165 Md. 155, 167, and *Archer v. State,* 145 Md. 128, 138.

*Applications denied, with costs.*