THOMAS GIVENS, Master of the Schooner MARTHA E.
MOORE *vs.* STATE OF MARYLAND.

*Criminal law—Rendition of Verdict.*

As it has been the uniform practice in this State, in criminal cases, for the jury, after their verdict has been rendered and recorded, to be called on by the clerk "to hearken to their verdict as the Court hath recorded it," a judgment entered upon the verdict of a jury discharged and separated without being so called on by the clerk will be reversed, and a new trial will be awarded.

APPEAL as upon Writ of Error, from the Circuit Court for Anne Arundel County.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY, C. J., BRYAN, FOWLER, PAGE, MCSHERRY, and BRISCOE, J., and submitted on brief for the appellee.

*Daniel R. Magruder*, for the appellant.

*John Prentiss Poe, Attorney-General*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant was indicted in the Circuit Court for Anne Arundel County for illegal dredging for oysters within the prohibited waters of the Chesapeake bay, contrary to the General Oyster Law of the State, and upon a trial before a jury was found guilty. There was a motion in arrest of judgment, which was overruled, and the appellant sentenced to the Maryland House of Correction for the period of twelve months. The case is before us for review as on writ of error.

The plaintiff in error assigns as ground of error, that the jury, after rendering their verdict of guilty, was discharged and separated without being called by the clerk "to hearken to their verdict as the Court hath recorded it. Your foreman says:—guilty of the matter whereof he stands indicted and so you say all." The sole question, then, is whether this omission by the clerk in a criminal case is such an error as to entitle a party to a reversal of the judgment and the granting of a new trial. Now, it is admitted that it has been the invariable practice in the Court where the appellant was tried, and the uniform practice in the Courts of Maryland, for the clerk to call upon the jury to hearken to their verdict, when they return to the Court to render it.

And while it may be a matter of form and practice, yet it is a juridical form; and matters of form when they become established, and are supported by reasons of justice and propriety, are regarded as matters of substance. In *Ropps vs. Barker, et al.*, 4 *Pick.*, 239, the Court held, when the jury have found a verdict substantially, it is read to them in form. If any juror does not agree to it when so read, he may express his dissent, and the jury may retire and revise the verdict. But if, when asked in the usual manner, whether they agree to the verdict, they all answer in the affirmative, it will be sufficient to authorize it to be recorded. In *Commonwealth vs. Roby*, 12 *Pick.*, 514, the Court say, that the constant practice of the Commonwealth should be observed and followed, unless good reason can be assigned for the change. The forms adopted in a criminal trial are of importance, inasmuch as they have a strong tendency, by their solemnity, to impress upon all who are engaged in it, the interesting and highly responsible nature and character of the duties which devolve on them respectively.

This is a good reason for retaining many of those forms which are observed because they are established;

in this respect, it is true that forms are substance. And in *Commonwealth vs. Gibson*, 2 *Va. Cases*, 70, it was held, that after the verdict is rendered by the jury and read in open Court, it is the duty of the clerk to direct the jury to "hearken to their verdict as the Court hath recorded it, and if none of the jury express their dissent the verdict stands as recorded;" that until the assent of the jury is expressed in this way, or by a poll, the jury has a right to retract; and that the verdict is not perfected until after the jury has expressed their assent in one of these ways. The verdict in that case being imperfect, a judgment entered thereon was decided to have been improperly entered.

The procedure in the rendition of verdicts, according to both the English practice and that in this country, is substantially and formally as follows: "When the jury have come to a unanimous determination with respect to their verdict, they return to the box to deliver it. The clerk then calls them over, by their names, and asks them whether they agree on this verdict, to which they reply in the affirmative. He then demands who shall say for them, to which they answer, their foreman. This being done, he desires the prisoner to hold up his right hand and addresses them: 'Look upon the prisoner at the bar; how say you, is he guilty of the matter whereof he stands indicted or not guilty?' The foreman then answers guilty or not guilty, as the verdict may be. The officer then writes the word 'guilty' or 'not guilty' as the verdict is, on the record and again addresses the jury: Hearken to your verdict as the Court hath recorded it. You say that —— is guilty (or not guilty) of the matter whereof he stands indicted, and so say you all." While this form is applicable to felonies, yet it applies to all criminal cases, omitting that part 'look upon the prisoner at the bar' in other cases than felonies.

Given *vs.* State.

This procedure in substance is approved by *Proffatt on Jury Trial*, 452; 1 *Chitty's Criminal Law*, 635; 1 *Bishop on Crim. Procedure, sec.* 1001; 2 *Harris Entries;* 2 *Evans' Harris.*

A prisoner is entitled as a matter of right to a poll of the jury in this State, and to have each juror assent to the verdict. *Williams vs. State*, 60 *Md.*, 402. And if through a mistake or any other reason they deliver an erroneous verdict, it can be corrected before it is recorded. *Ford vs. State*, 12 *Md.*, 546. It is to secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered, that they are called upon to "hearken thereto."

Thus greater safeguards are thrown around the trial of criminal cases.

We are therefore of the opinion that as it has been the uniform practice in this State, in criminal cases, to observe this form in the rendition of verdicts, the practice should be continued and not changed. And as the traverser in this case was denied this right, we shall reverse the judgment and award a new trial.

*Judgment reversed, and*
*new trial awarded.*