## THORNLEY DURANT HARRIS *v.* STATE OF MARYLAND

[No. 11, April Term, 1943.]

*Decided April 29, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, GRASON, and MELVIN, JJ.

*R. Lewis Bainder,* with whom was *Ellis Levin* on the brief, for the appellant.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *J. Bernard Wells, State's Attorney,* and *Thomas N. Biddison, Assistant State's Attorney for Baltimore City,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

Thornley Durant Harris, appellant, was indicted by the Grand Jury of Baltimore City in an indictment containing six counts. The first count charged him with the larceny of $7,983.02, fifty shares of the capital stock of the Western National Bank of Baltimore, twenty-five shares of the common stock of the General Motors Corporation, one hundred shares of the capital stock of the New Amsterdam Casualty Company, one stick pin, one pin, one lavalier, one necklace, and thirty-five diamonds, all the property of Julia A. R. Willcox. The alleged aggregate value of all of these articles was $13,964.27.

The second count charged him with unlawfully receiving; the third with obtaining by false pretenses; the fourth count with larceny of, Norman Bowles being an accessory thereto; the fifth count charged a conspiracy between the appellant and Norman Bowles to steal; the same articles as set forth in the first count, *supra.*

The appellant, after demanding a bill of particulars, which was filed by the State, was tried separately before a jury in the Criminal Court of Baltimore City, and was found guilty on the first count, the third count and the fourth count. After a hearing on a motion for a new trial and on a motion in arrest of judgment, both of which were denied, the judgment and sentence was one confining the appellant to seven years in the Maryland Penitentiary. From that judgment and sentence he ap-

peals to this court. He was found not guilty by the jury on the second, fifth and sixth counts of the indictment.

The case comes here on the refusal of the court below to grant the motion in arrest of judgment, on the exceptions of the appellant to the bill of particulars filed by the State, and on seven exceptions to the ruling of the trial court on the evidence.

As to the motion in arrest of judgment, the appellant contends that by reason of the verdict of the jury in finding him guilty on the first count charging him with larceny, and on the third count finding him guilty of obtaining the same property by means of false pretenses, that such an inconsistency, repugnancy and absurdity arises as to justify the granting of the motion.

We cannot, however, find that such an inconsistency necessarily arises by the verdict. In the case of *Lanasa v. State*, 109 Md. 602, 71 A. 1058, the defendant was charged in the third count with conspiracy to injure and destroy "the property of Joseph Di Giorgio," and, in the seventh and eighth counts, with conspiracy to injure and destroy "the property and dwelling house of Joseph Di Giorgio." In reference to contention by the accused, in support of the motion in arrest of judgment, that the motion should have been granted in view of the absolute and necessary repugnancy between the verdict rendered by the jury in finding him guilty on the third count of the indictment and not guilty on the seventh count, Judge Burke said, at page 609, of 109 Md., at page 1061 of 71 A., "Nor can we discover any necessary repugnance between the verdict of guilty on the third count and the verdicts of acquittal on the seventh and eighth counts. In those counts the object of the conspiracy was alleged to be 'to injure and destroy the property and dwelling house of Joseph Di Giorgio.' The jury might have very reasonably concluded that, while the evidence in their judgment did not fully support the allegations of these counts, it did satisfy them that it was the purpose of the accused to injure and destroy some of Mr. Di Giorgio's

property. We must conclude that they were so convinced by the verdict of guilty upon the third count and the acquittal upon the others. The sufficiency of the evidence was a question for the jury, and this court upon a motion in arrest of judgment has no power to review their finding. We said in *Hiss v. Weik,* 78 Md. (439), 446, 28 A. (400), 401, that: 'As an appellate court we cannot review the findings of the jury upon matters of fact, nor can we pass upon the comparative weight of the conflicting evidence submitted to them'." Likewise in the case now before this court it is entirely possible that the jury did conclude that as to some of the property the accused was guilty of larceny, while other of the property was obtained by means of false pretenses.

The difficulties arising in the determination of whether the crime committed is larceny or false pretenses are reflected in Section 150 of Article 27 of the 1939 Code, which, after defining the crime of false pretenses and prescribing the punishment, provides, in part: "that if upon the trial of any person indicted for such misdemeanor it shall be proved that he obtained the property in question in any such manner as to amount in law to larceny or robbery, he shall not by reason thereof be entitled to be acquitted of such misdemeanor; and no person tried upon such misdemeanor shall be afterwards liable to be prosecuted for larceny or robbery upon the same facts. * * *" *Simmons v. State,* 165 Md. 155, 166, 167 A. 60. In the case of *Novak v. State,* 139 Md. 538, 115 A. 853, the defendant was convicted by the court of robbery, assault with intent to rob, simple assault, and receiving stolen goods. No motion in arrest of judgment was filed in that case and the sufficiency of the verdict was therefore not before this court on appeal. Judge Urner, however, citing the principle that a verdict finding a defendant guilty of robbery and receiving stolen goods was inconsistent, later said at pages 542 and 543 of 139 Md. at page 855 of 115 A.: "The evidence in the case at bar may have been directed exclusively to the robbery count

of the indictment, and that relating to the receipt of stolen goods may have been ignored both by the prosecution and the defense as immaterial. If the general verdict was supposed to be improper because of the presence of the latter count in the indictment, the trial court could have determined the question in the light of the evidence upon which it rendered the verdict. A conviction on either the robbery count or that charging the receipt of stolen goods would support the sentence imposed." Likewise a conviction on either the larceny or false pretense count would support the sentence imposed in the instant case. There is no reason to disturb the ruling of the court below on the motion in arrest of judgment.

We are prevented in ruling upon the exceptions to the bill of particulars for, according to the record before us, this matter was not ruled upon by the trial court. Code, 1939, Art. 5, Sec. 10; *State v. Coblentz*, 167 Md. 523, 531, 175 A. 340; *Ib.*, 169 Md. 159, 161, 180 A. 266, 185 A. 350.

The first exception to the evidence was when the prosecuting witness, Mrs. Willcox, stated that the defendant mentioned marriage to her. The money and property having been transferred to the defendant without consideration, the trial court was correct in ruling that the fullest opportunity should be given to develop all the circumstances which resulted in the transfer. The second exception was to a similar ruling and for the same reason that ruling was correct. The fifth and sixth exceptions were to statements by Mrs. Willcox that Harris came out several times to see her, that she wanted to have the ground rents settled and he took her down to the banks and there was never a settlement. These statements were clearly relevant.

The third exception occurred when Mrs. Willcox testified that Bowles, who had been indicted jointly with the defendant here, but who was tried separately, came out to her place of his own accord. One of the counts of the indictment was conspiracy and as the trial judge

remarked, conspiracy cannot be shown all at one time, and it was admitted upon the assumption that the State would follow it up with other evidence which would connect Bowles with the defendant Harris. No motion was later made to strike out this testimony. The fourth exception was to a statement by the prosecuting witness that she talked to Mr. Bowles about the ground rents. The seventh exception was taken when the prosecuting witness was allowed to testify that she thought Bowles was befriending her, offered to take her to the bank and either to get Harris to give him her money back, or get her a receipt for it, but instead of getting her a receipt, he gave her a note, which she thought was a receipt. The court admitted it for the present, subject to it being followed up by other evidence. No motion was made at a later stage of the case to strike it out. There was no dispute that Harris received the property, and as Harris was found not guilty on the conspiracy counts, there appears no prejudice or harm to appellant. *Robinson v. State,* 138 Md. 137, 141, 113 A. 641. In conspiracy cases the order in which the evidence should be produced is a matter largely within the discretion of the court. *Bloomer v. State,* 48 Md. 521; *Klecka v. State,* 149 Md. 128, 131, 131 A. 29; *Garland v. State,* 112 Md. 83, 100, 75 A. 631. It must be further noted that no motion was made to strike out this testimony admitted subject to being later stricken out. *Silverstein v. State,* 176 Md. 533, 6 A. 2d 465. Finding no reversible error, the judgment will be affirmed.

*Judgment affirmed, with costs.*