CONLEY *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 27, October Term, 1947.]

*Decided March 17, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from the refusal of a writ of habeas corpus. The prisoner was convicted of perverted sexual practice by a jury in the Circuit Court for Anne Arundel County, and sentenced to three years in the Maryland House of Correction. He was represented by counsel appointed by the Court.

It is shown by the record that the applicant was indicted (1) for rape, (2) for perverted sexual practice and attempted perverted practice in separate counts, and (3) for sodomy. He was acquitted on the first and last indictments, convicted upon the first count of the second indictment, the State abandoned the second count therein. The applicant now contends that the jury found him guilty on the second count, not guilty on the first, and that the trial court "abandoned" the jury's verdict. He is positively contradicted in his assertion by the record. If error was committed by the trial court in receiving or entering the verdict, it was incumbent upon the accused, or his counsel, to raise the question by objection or motion in the trial court, and appeal from the court's ruling. Compare *Hechter v. State,* 94 Md. 429, 50 A. 1041, 56 L. R. A. 457; *Novak v. State,* 139 Md. 538, 115 A. 853 and *Harris v. State,* 182 Md. 27, 31 A. 2d 609. Having failed to raise the question so as to per-

752

mit review by appeal, he cannot make a collateral attack on the judgment by petition for habeas corpus. "Where in a State criminal trial the defendant is represented by competent and experienced counsel, even constitutional rights known or presumed to be known to counsel to exist must be held to have been waived if not made at all or * * * inadequately presented." *United States ex rel. Jackson v. Brady,* 47 F. Supp. 362, 367, aff. 4 Cir., 133 F. 2d 476, cert. den. 319 U. S. 746, 63 S. Ct. 1029, 87 L. Ed. 1702, rehearing denied 319 U. S. 784, 63 S. Ct. 1315, 87 L. Ed. 1727.

*Application denied, without costs.*