985 A.2d 556

**STATE of Maryland**

**v.**

**Isa Manuel SANTIAGO.**

**No. 14 Sept. Term 2009.**

Court of Appeals of Maryland.

Dec. 21, 2009.

Diane E. Keller, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), on brief, for Petitioner.

Stacy W. McCormack, Asst. Public Defender (Elizabeth L. Julian, Public Defender, Baltimore, MD), on brief, for Respondent.

ARGUED BEFORE BELL, C.J., and HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS, and BARBERA, JJ.

GREENE, Judge.

Hearken to your verdict as the Court hath recorded it. You say that [name of defendant] is guilty (or not guilty) of the matter wherefore he or she stands indicted, and so say you all.

As a matter of protocol, hearkening has been the standard practice in Maryland for more than 100 years, when a jury renders a verdict in a criminal case. Essentially, hearkening requires the trial court to inquire in open court, before the jurors are discharged, whether the jury agrees with the verdict just announced by the foreperson. See *Givens v. State*, 76 Md. 485, 487–88, 25 A. 689, 689 (1893) (holding that the court's failure to hearken the verdict was reversible error); *Polling of Jurors—Court's Attempt After Discharge to Cure Wrongful Denial of Polling Request Held Not Effective— Keller v. State*, 33 MD. L. REV. 359, 359 n. 2 (noting that hearkening is the procedure whereby the court clerk verifies the accuracy of the verdict as recorded; and it is not necessary for a defendant to request that the court hearken the verdict because the court clerk, as a matter of routine, "auto-

**32**

matically hearkens the verdict after it is announced"). In the present case, we must determine whether a defendant is entitled to a new trial where the jury was neither polled [1] nor hearkened. We shall hold that a jury verdict, rendered and announced in open court, that is neither polled nor hearkened is not properly recorded and is therefore a nullity. Though polling may be waived, both polling and hearkening may not be waived in the same case.

Isa Manuel Santiago was tried by a jury in the Circuit Court for Charles County on charges of first degree murder and related handgun offenses. On March 17, 2006, the jury convicted Santiago of second degree murder and the use of a handgun in the commission of a crime of violence. The trial judge imposed a sentence of thirty years for second degree murder, twenty years consecutive for use of a handgun in the commission of a crime of violence, and five years consecutive for being a felon in possession of a regulated firearm.[2] Santiago noted a timely appeal to the Court of Special Appeals. In an unreported opinion, the intermediate appellate court reversed the judgment of the Circuit Court, holding that "a criminal defendant has an absolute unwaivable right to have the jury polled, if requested, or if not, hearkened."

---

1. A defendant has the absolute right to have a poll of the jury and to have each juror assent to the verdict. *Williams v. State*, 60 Md. 402, 403 (1883) (affirming that the "purpose of [polling is to] compel[ ] each juror to declare his own verdict, in his own language"); *Coby v. State*, 225 Md. 293, 299, 170 A.2d 199, 202 (1961). A poll of the jury is conducted to ensure the unanimity of the verdict prior to its entry on the record. *Smith v. State*, 299 Md. 158, 166, 472 A.2d 988, 991 (1984). Like hearkening, polling is conducted to "secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered." *Smith*, 299 Md. at 165, 472 A.2d at 991 (quoting *Givens v. State*, 76 Md. 485, 488, 25 A. 689, 689 (1893)).

2. Santiago was also charged and convicted of being a felon in possession of a regulated firearm, in violation of Md.Code (2002, 2009 Supp.), § 5–622 of the Criminal Law Article. This occurred as a result of an agreement between the State and defense counsel, stemming from Santiago's conviction of the disqualifying crime, i.e., use of a handgun in the commission of a crime of violence.

We granted the State's petition for writ of certiorari, *State v. Santiago*, 407 Md. 529, 967 A.2d 182 (2009) to answer the following question:

Did the Court of Special Appeals err in holding that a criminal defendant cannot waive his complaint about the failure to poll or hearken the jury, based on the intermediate appellate court's mistaken determination that this Court's decision in *Glickman v. State*, 190 Md. 516, 60 A.2d 216 (1948), is no longer controlling precedent?

## Background

The underlying material facts of this case are not in dispute. The State presented significant circumstantial evidence to support its theory that Santiago committed the crimes for which he was convicted. Santiago raises no challenge to the sufficiency of that evidence. The focus of this review, therefore, is on what occurred in open court after the jury returned to announce its verdict in the case. On the day that the jury reached its verdict, the following occurred:

THE COURT: Let the record reflect the jury has returned. Mr. Foreman, has the jury reached a verdict?

JURY FOREMAN: We have.

THE COURT: Madam Clerk, please proceed.

THE CLERK: Ladies and gentlemen of the jury, as your numbers are called, would you please rise and remain standing? Forty-one, 7, 19, 55, 96, 124, 152, 163, 223, 237, 238, and 241. Ladies and gentlemen of the jury, have you agreed upon your verdict?

JURY: Yes.

THE CLERK: Who shall state for you?

JURY: Our [F]oreman.

THE CLERK: Mr. Foreman, on the first count, charging first degree premeditated murder, do you find the defendant, Isa Santiago, not guilty or guilty?

JURY FOREMAN: Not guilty.

THE CLERK: On the second count, charging second degree murder, do you find the defendant, Isa Santiago, not guilty or guilty?[3]

JURY FOREMAN: Guilty.

THE CLERK: On the third count, charging use of a handgun in the commission of a felony, do you find the defendant, Isa Santiago, not guilty or guilty?

JURY FOREMAN: Guilty.

THE COURT: Anything further for the jury?

[DEFENSE COUNSEL]: No, Your Honor.

[THE STATE]: Nothing from the State.

* * * *

(Jury out.)

THE COURT: Okay. Madam Clerk, please enroll the following verdicts: on count one, second degree murder, guilty; on count two, use of a handgun in the commission of a crime of violence, guilty; on count three, possession of a regulated firearm by a convicted felon, guilty. Anything further?

[DEFENSE COUNSEL]: No, Your Honor.

### Discussion

There is no dispute that the record establishes that the jury was neither polled nor was the verdict hearkened. The State asserts that the circumstances do not warrant a reversal because Santiago failed to request that the court poll the jury, and Santiago did not object to the fact that the clerk did not hearken the verdict. Accordingly, the State maintains that Santiago's failure to raise any objection in the trial court constituted a waiver on appeal.

The leading case on the Maryland practice of hearkening of jury verdicts is *Givens*, 76 Md. 485, 25 A. 689. Givens had

---

**3.** The trial judge's reference to "the second count, charging second degree murder" is incorrect. Count one of the indictment which charged first degree murder, included second degree murder, a lesser offense.

been indicted in the Circuit Court for Anne Arundel County and convicted by a jury for illegal dredging for oysters "within the prohibited waters of the Chesapeake [B]ay, contrary to the General Oyster Law of the State." *Givens*, 76 Md. at 485, 25 A. at 689. Upon review of his conviction, in this Court, Givens sought reversal of his conviction on the grounds "that the jury, after rendering their verdict of guilty, was discharged . . . without being called by the clerk 'to hearken to their verdict' " as recorded by the court. *Givens*, 76 Md. at 486, 25 A. at 689. Thus, in that case, the single issue before this Court was whether the clerk's omission in a criminal case to hearken the jury's verdict constituted reversible error. *Id.* We held that it did. *Givens*, 76 Md. at 488, 25 A. at 689–90.

In reaching the conclusion that the clerk's failure to call upon the jury to hearken to its verdict when rendered was reversible error, we acknowledged that the practice of hearkening was uniform throughout the courts of Maryland and essential to the process of properly recording a jury verdict. As to the practice of hearkening, we pointed out that:

> When the jury have come to a unanimous determination with respect to their verdict, they return to the box to deliver it. The clerk then calls them over, by their names, and asks them whether they agree on this verdict, to which they reply in the affirmative. He then demands who shall say for them, to which they answer, their foreman. This being done, he desires the prisoner to hold up his right hand and addresses them: 'Look upon the prisoner at the bar; how say you, is he guilty of the matter whereof he indicted or not guilty?' The foreman then answers guilty or not guilty, as the verdict may be. The officer then writes the word 'guilty' or 'not guilty' as the verdict is, on the record and again addresses the jury: Hearken to your verdict as the court hath recorded it. You say that is guilty (or not guilty) of the matter whereof he stands indicted, and so say you all.

*Givens*, 76 Md. at 487, 25 A. at 689.

We further pointed out in *Givens* that:

And while it may be a matter of form and practice, yet it is a juridical form; and matters of form when they become established, and are supported by reasons of justice and propriety, are regarded as matters of substance.

*Givens,* 76 Md. at 486, 25 A. at 689. In reaffirming the practice in Maryland of hearkening the jury verdict, we relied upon a case decided by the Virginia Supreme Court to illustrate that the practice of hearkening is a necessary and required procedure in criminal cases. In *Commonwealth v. Gibson,* 4 Va. 70, 2 Va. Cas. 70 (1817), the court held in the alternative that

after the verdict is rendered by the jury and read in open [c]ourt, it is the duty of the [c]lerk to direct the jury to hearken to their verdict as the [c]ourt has recorded it . . . [I]f none of the jury express their dissent, the verdict ought to stand as recorded, and . . . until the assent of the jury is expressed in one of these ways [polling or hearkening], the jury has a right to retract; and until after the assent of the jury is expressed as aforesaid, the verdict is not perfected: . . . the first verdict rendered in this [c]ase, was imperfect in these particulars, and therefore no judgment can be rendered on it.

*Gibson,* 4 Va. 70, 2 Va. Cas. at 73–74.

As we acknowledged in *Givens,* "hearkening" and "polling" are extra safeguards applied to protect the integrity of the jury verdict. We explained:

A prisoner is entitled as a matter of right to a poll of the jury in this State, and to have each juror assent to the verdict. And if through a mistake or any other reason they deliver an erroneous verdict, it can be corrected before it is recorded. It is to secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered, that they are called upon to 'hearken thereto.'

*Givens,* 76 Md. at 488, 25 A. 689–90 (citations omitted).

In *Smith v. State,* 299 Md. 158, 472 A.2d 988 (1984), we had the occasion to discuss to a greater extent the purpose of

"hearkening" and "polling." Judge Orth, writing for the Court, pointed out that hearkening enables "all the jurors [to] assent[ ] to the verdict in the manner in which it had been stated by the foreman and accepted by the [c]ourt." *Smith*, 299 Md. at 165 n. 5, 472 A.2d at 991 n. 5 (quoting *Glickman v. State*, 190 Md. 516, 527, 60 A.2d 216 (1948)). In comparing hearkening and polling he said:

> A poll of the jury serves the same purpose as that of hearkening the verdict. '[I]t has never been the law in Maryland that hearkening is the prerequisite to an acceptable verdict where the jury has been polled. In other words it has not been doubted that polling is a fully commensurable substitute for hearkening.' It is in the absence of a demand for a poll that a hearkening is required for the proper rendition of a verdict.

*Smith*, 299 Md. at 166, 472 A.2d at 991 (quoting *Ross v. State*, 24 Md.App. 246, 254, 330 A.2d 507, 512 (1975), *rev'd on other grounds*, 276 Md. 664, 350 A.2d 680 (1976)).

 Recently, in *Jones v. State*, 384 Md. 669, 866 A.2d 151 (2005), Judge Battaglia, writing for the Court, reaffirmed what we said in *Smith, supra*, that "[i]t is in the absence of a demand for a poll that a hearkening is required for the proper recordation of a verdict." *Jones*, 384 Md. at 684, 866 A.2d at 160. Moreover, she pointed out that "hearkening of a verdict is the traditional formality [for] announcing the recording of the verdict." *Id.* (quoting *Smith*, 299 Md. at 166, 472 A.2d at 992). A jury poll, however, has the same effect. *Id.* Even though hearkening the verdict and polling the jury may have the same effect, it has been clear, at least since *Smith*, 299 Md. 158, 472 A.2d 988, and reaffirmed in *Jones*, 384 Md. 669, 866 A.2d 151, that in the absence of a demand for a poll of the jury, hearkening the verdict is required for the proper recordation of the verdict.

 The reason that hearkening, in the absence of polling, is essential lies in the defendant's constitutional right to a

unanimous verdict,[4] and the concept of finality with respect to jury verdicts. Article 21 of the Maryland Declaration of Rights provides: "That in all criminal prosecutions, every man hath a right ... to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty." We explained in *Ford v. State,* 12 Md. 514 (1859):

'The verdict is the *unanimous* decision made by a jury and reported to the court, on the matters lawfully submitted to them in the course of a trial.' *Unanimity* is indispensable to the sufficiency of the verdict.

*Ford,* 12 Md. at 549 (quoting 10 *Bacon's Abridged Title Verdict,* 306) (emphasis in original). Thus, to secure the certainty and accuracy of a unanimous verdict, hearkening is an essential requirement. *Givens,* 76 Md. at 488, 25 A. at 689–90 (Hearkening "enable[s] the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered...."). When the courtroom clerk calls upon the jury to hearken to its verdict, the jury is addressed collectively. Accordingly, the jury is asked to hearken to the verdict as delivered by the foreman. *See Smith,* 299 Md. at 169, 472 A.2d at 993 (" '[I]t is then the duty of the clerk to record the verdict and have it affirmed by the jury in the presence of the court' by hearkening the jury to their verdict ....") (quoting *Heinze v. State,* 184 Md. 613, 616, 42 A.2d 128, 130 (1945)). In addition, the jury is asked to listen carefully and indicate its assent to the verdict as announced to insure unanimity and the agreement of each and every juror to the verdict as announced.

A verdict is not final "until after the jury has expressed their assent in one of [two] ways," by hearkening or by a poll. *Givens,* 76 Md. at 487, 25 A. at 689. We have said that "[u]ntil the case is removed from the jury's province the verdict may be altered or withdrawn by the jurors, or by the

---

4. A defendant may waive a unanimous jury verdict, provided that the court and prosecution consent and "the waiver ... conforms strictly with applicable constitutional standards." *State v. McKay,* 280 Md. 558, 572, 375 A.2d 228, 236 (1977).

dissent or nonconcurrence of any one of [the jurors]." *Smith*, 299 Md. at 168, 472 A.2d at 992–93. If there is no demand to poll the jury, hearkening and the "ensuing acceptance of the verdict finally removes the matter from the jury's consideration." *Smith*, 299 Md. at 168, 472 A.2d at 993. If there is a demand to poll the jury, "it is the acceptance of the verdict upon the poll that removes the verdict from the province of the jury." *Id.* We summarized this concept of finality succinctly in *Smith*, stating:

> [T]he jury has control of the verdict until it is final. Absent a demand for a poll, the verdict becomes final upon its acceptance when hearkened. When a poll is demanded, the verdict becomes final only upon its acceptance after the poll.

*Id.*

In *Jones v. State*, 173 Md.App. 430, 458, 920 A.2d 1, 17 (2007), the Court of Special Appeals held that hearkening the verdict is required in the absence of a request for a poll of the jury. In addition, the intermediate appellate court held that

> [i]f the jury is polled a failure to hearken will not be fatal. If the verdict is hearkened, a poll need not be conducted absent a request by a party. Absent both, the verdict is defective and a new trial must be ordered.

*Id.*

Similar to the facts of the present case, the parties in *Jones* agreed that neither polling nor hearkening occurred in that case. *Jones*, 173 Md.App. at 451, 920 A.2d at 12. Jones contended that the trial judge "committed reversible error by discharging the jury before it was polled or its verdict hearkened." *Jones*, 173 Md.App. at 451, 920 A.2d at 13. The State argued that Jones failed to "preserve this issue for appeal." *Id.* According to the State, Jones neither requested polling nor "object[ed] to the court's manner of taking the verdicts, or its dismissal of the jury without polling or hearkening." *Id.* In this regard, the State's position in *Jones* was essentially the same as its position in this case, that Santiago waived his right to polling and hearkening of the verdict.

The Court of Special Appeals specifically acknowledged in *Jones* that "polling is a fully commensurable substitute for hearkening." *Jones,* 173 Md.App. at 452, 920 A.2d at 13 (quoting *Ross,* 24 Md.App. at 253–54, 330 A.2d at 512). In addition, the intermediate appellate court relied upon our analysis and conclusions, in *Jones,* 384 Md. at 682–84, 866 A.2d at 159–60, as to what comprises the return of a jury verdict. In *Jones,* we concluded that the return of a jury verdict is comprised of three distinct procedures: (1) oral announcement of the verdict, (2) unanimity, except that a defendant may waive the requirement of unanimity and that he has an absolute right to poll the jury, (3) after polling, the traditional third step is to hearken the verdict. *Id.* Hearkening removes the case from the jury's further consideration. *Jones,* 384 Md. at 684, 866 A.2d at 160. If polling of the jury follows hearkening, then polling of the jury serves the same function as hearkening. *Id.* In other words, either hearkening or polling is the final third step, depending upon the circumstances of the case.

▪ As we stated previously, hearkening of the verdict is conducted to "secure certainty and accuracy, and to enable the jury to correct a verdict which they have mistaken, or which their foreman has improperly delivered." *Id.* (quoting *Givens,* 76 Md. at 488, 25 A. at 689–90). Polling the jury, however, serves the same function. *Id.* We have also said that "[i]t is in the absence of a demand for a poll that a hearkening is required for the proper recordation of a verdict." *Id.* Hearkening of the verdict and polling the jury are common law concepts. Polling the jury, however, has been codified in Md. Rule 4–327(e):

> **Poll of jury.** On request of a party or on the court's own initiative, the jury shall be polled after it has returned a verdict and before it is discharged. If the jurors do not unanimously concur in the verdict, the court may direct the jury to retire for further deliberation, or may discharge the jury if satisfied that a unanimous verdict cannot be reached.

As the Court of Special Appeals noted in *Jones*, hearkening "remains as part of the common law of Maryland." *Jones*, 173 Md.App. at 451, 920 A.2d at 13. As such, there is no provision under our common law, statutory law, or otherwise for the waiver of the requirement of hearkening, unless, of course, polling the jury served as a substitute for hearkening the verdict. By contrast, the right to polling "may be waived, either affirmatively or by inaction." *Jones*, 173 Md.App. at 454, 920 A.2d at 15. In addition, the jury may be "polled on the court's own initiative." *Id.*

The State relies upon *Glickman*, 190 Md. 516, 60 A.2d 216 to support its waiver argument. In *Glickman*, we held that the defendant's asserted error that the jury was not properly hearkened was waived because "no objection was made to the verdict on this ground [of failure to hearken]." *Glickman*, 190 Md. at 526, 60 A.2d at 220. Although in *Glickman*, we reaffirmed the formality of the procedure for rendition and recordation of verdicts as set forth in *Givens*, 76 Md. 485, 25 A. 689, our holding that the objection to the reception or entry of the verdict was waived cannot be reconciled with our holdings in *Smith*, 299 Md. 158, 472 A.2d 988 and *Jones*, 384 Md. 669, 866 A.2d 151. Accordingly, we expressly overrule and disavow any language in *Glickman* that purports to hold that the failure to hearken the verdict in a criminal case may be waived in the absence of polling of the jury. We reaffirm this Court's assessment in *Smith*, that "in the absence of a demand for a poll ... a hearkening is required for the proper rendition of a verdict." *Smith*, 299 Md. at 166, 472 A.2d at 991; *see also Jones*, 384 Md. at 684, 866 A.2d at 160.

 In the present case, the verdict as rendered was not hearkened. Santiago did not make a demand for the jury to be polled. Thus, the clerk's failure to hearken the verdict was fatal and rendered the jury's verdict defective. What we said in *Givens* remains true today: "[U]ntil the assent of the jury is expressed [by a hearkening], or by a poll, the jury has a right to retract; and ... the verdict is not perfected until after the jury has expressed their assent in one of these ways." *Givens*, 76 Md. at 487, 25 A. at 689; *Heinze*, 184 Md.

at 616–17, 42 A.2d at 130 (noting that it is the duty of the clerk in a criminal case to record the verdict and have it affirmed by the jury in the presence of the court by hearkening the jury to their verdict or, when required, by polling the jury). The defect in this case was not subject to waiver. The failure to hearken the verdict rendered the verdict a nullity. Consequently, a new trial is warranted in this case. To hold otherwise would ignore the importance of the requirements of unanimity and finality with respect to jury verdicts.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. CHARLES COUNTY TO PAY THE COSTS.**

MURPHY, J., dissents, joined by HARRELL and ADKINS, JJ.

Dissenting Opinion by MURPHY, J., which HARRELL and ADKINS, JJ. join.

I dissent from the conclusion that *every* "jury verdict, rendered and announced in open court, that is neither polled nor hearkened is not properly recorded and is therefore a nullity." In my opinion, a guilty verdict announced in open court but neither polled nor hearkened is a nullity only if the jury is discharged before the defendant has the opportunity to either (1) request a poll or (2) object to the failure to hearken.

In the case at bar, because the record clearly shows that the Circuit Court provided the Respondent with two opportunities to request that (1) the jurors be polled and/or (2) the failure to hearken be corrected, under the authority of *Glickman v. State*, 190 Md. 516, 60 A.2d 216 (1948), the judgment of the Court of Special Appeals should be reversed with directions to affirm the judgments of the Circuit Court.

In *Glickman*, while affirming judgments of conviction entered at the conclusion of a jury trial in the Criminal Court of Baltimore, this Court stated:

The record discloses, as we have noted above, that the jury were never hearkened as to their verdict in No. 165. But the record also discloses that no objection was made to the

verdict on this ground, and we must hold that such objection was waived. This Court has recently held in *Conley v. Warden of the Maryland House of Correction*, 190 Md. 750, 59 A.2d 684, as follows: "If error was committed by the trial court in receiving or entering the verdict, it was incumbent upon the accused, or his counsel, to raise the question by objection or motion in the trial court, and appeal from the court's ruling. Compare *Hechter v. State*, 94 Md. 429, 50 A. 1041, 56 L.R.A. 457; *Novak v. State*, 139 Md. 538, 115 A. 853, and *Harris v. State*, 182 Md. 27, 31 A.2d 609. * * * 'Where in a State criminal trial the defendant is represented by competent and experienced counsel, even constitutional rights known or presumed to be known to counsel to exist must be held to have been waived if not made at all or * * * inadequately presented.' *United States ex rel. Jackson v. Brady*, 47 F.Supp. 362, 367, aff. 4 Cir., 133 F.2d 476, cert. den. 319 U.S. 746, 63 S.Ct. 1029, 87 L.Ed. 1702, rehearing denied 319 U.S. 784, 63 S.Ct. 1315, 87 L.Ed. 1727 [(1943)]." Had the objection been seasonably made in the case at bar, the omission could have been readily corrected.

*Id.* at 526–27, 60 A.2d at 220–21.

I also disagree with the majority's conclusion that "our holding [in *Glickman*] that the objection to the reception or entry of the verdict was waived cannot be reconciled with our holdings in *Smith [v. State]*, 299 Md. 158, 472 A.2d 988 [(1984)] and *Jones [v. State]*, 384 Md. 669, 866 A.2d 151 [(2005)]." While both of those cases include a discussion about polling and hearkening, neither *holds* that a defendant who has been found guilty by a jury verdict returned in open court is entitled to a new trial whenever the record shows that (1) a poll was not requested, and (2) the clerk failed to hearken the verdict.

In *Jones*, this Court (1) affirmed the judgments entered on all the convictions that were announced in open court (and as to which the jurors were polled), but (2) reversed the judgment entered on the one conviction that had been recorded on the verdict sheet but not announced in open court. The *holding* in *Jones* is "that for a verdict to be considered final in

a criminal case it must be announced orally to permit the defendant the opportunity to exercise the right to poll the jury to ensure the verdict's unanimity." 384 Md. at 685, 866 A.2d at 160–61. In the case at bar, it is clear that Respondent had "the opportunity to exercise the right to poll the jury."

In *Smith*, while affirming judgments of conviction entered on jury verdicts returned in open court at the conclusion of a second trial, and rejecting the petitioner's "double jeopardy" argument, this Court stated:

> It is perfectly obvious that the [first] jury did not reach a unanimous final verdict on any of the three charges before them. The verdicts [of acquittal] which were initially announced by the forelady as being the verdicts of the jury were never even hearkened, and, in any event, were undermined by the subsequent polling.
>
> * * *
>
> The short of it is that, in the circumstances, the verdicts were in the province of the [first] jury until [that] jury were discharged upon their inability to agree.

299 Md. at 178–79, 472 A.2d at 998. In the case at bar, the verdicts were in the province of the jury when, after the foreman announced the verdict on the third count, the Circuit Court asked, "Anything further for the jury?" The verdicts remained in the province of the jury when, after directing that the clerk "enroll" the verdicts, the Circuit Court asked, "Anything further?" The Respondent's trial counsel answered, "No, Your Honor[,]" to both of those questions. Under these circumstances, I would direct that the judgments of conviction be reinstated.

Judges HARRELL and ADKINS have authorized me to state that they join this dissenting opinion.