991 A.2d 200

**Olusegun Hakeem OGUNDIPE**

v.

**STATE of Maryland.**

**No. 01247, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

March 25, 2010.

■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■

———————

Thomas M. Donnelly (R. Troy Mowery, Donnelly & Mowery, LLC, on the brief), Baltimore, MD, for Appellant.

Carrie J. Williams (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for Appellee.

Panel: MEREDITH, ZARNOCH, and JAMES A. KENNEY, III (retired, specially assigned), JJ.

JAMES A. KENNEY, III, Judge (retired, specially assigned).

Olusegun Hakeem Ogundipe was tried before a jury sitting in the Circuit Court for Washington County and convicted of first degree murder, attempted first degree murder, two counts of first degree assault, use of a handgun in the commission of a crime of violence, and wearing, carrying, and transporting a handgun. The jury announced its verdict in open court, no juror objected to the verdict when hearkened by the clerk of the court, and all of the jurors individually agreed to the verdict when polled. Ogundipe was sentenced to life imprisonment plus ten years. Days after the court entered judgment reflecting the jury's verdict, defense counsel was made aware that the verdict sheet reflected that the jury had answered "yes" to questions asking whether Ogundipe was guilty of the charges of murder, attempted murder, and two counts of assault in the first degree, but, rather than skipping questions related to the same charges in the second degree as instructed, the verdict sheet indicated that the jury answered "no" as to whether Ogundipe was guilty of those crimes.

Ogundipe presents two questions on appeal, which we have reworded: [1]

————

1.  Ogundipe asked:

1.  Whether the trial court erred in accepting an inconsistent verdict in violation of Maryland's Common Law as decided by the Court of

I. Did the circuit court err by accepting an inconsistent verdict?

II. Did the circuit court err by failing to disclose the verdict sheet to Ogundipe?

For the reasons that follow, we answer "no" to both questions and affirm the judgment of the circuit court.

## *FACTUAL AND PROCEDURAL BACKGROUND*

The charges against Ogundipe stem from an altercation that occurred on July 23, 2006, in which one person was killed and another person was seriously injured. Ogundipe was charged with the following offenses: first and second degree murder and first and second degree assault of Jackson Augustin Rodriguez; attempted first and second degree murder and first and second degree assault of Tony Perry; first and second degree assault of Steven Ramel Broadhead; use of a handgun in the commission of a crime of violence; wearing, carrying, and transporting a handgun; and felon in possession of a handgun.[2]

After a two-day trial, which began on May 13, 2008, the judge instructed the jury concerning its deliberations, as follows:

> Alright, ladies and gentlemen of the jury, you will retire to consider your verdict in this matter. As I indicated, there is a verdict sheet that will be given to you. It consists of twelve questions.

------

Appeals in *Price v. State,* 405 Md. 10, 949 A.2d 619 (2008) or by failing to disclose to Ogundipe the jury's signed verdict sheet or by communicating with the jury?
2. Whether the trial court erred in failing to disclose to Appellant or his counsel a communication received from the jury in the form of a signed verdict sheet that contained not guilty findings on multiple counts for which Appellant was on trial which violated Appellant's rights secured under the Sixth and Fourteenth Amendments to the United States Constitution, Article 21 of Maryland's Declaration of Rights, Maryland Common Law and Maryland rules 231 & 4–326.

**2.** Ogundipe was also charged with one count of felon in possession of a firearm, but this count was not sent to the jury.

**374**

Questions One and Two relate to the charges of first and second degree murder of Jackson Rodriguez. Question is: As to the charge of first degree murder of Jackson Augustin Rodriguez, on or about July twenty-three 2006, how do you find the defendant Olusegun Hakeem Ogundipe, guilty or not guilty?

You're given further instruction then: If your answer to that question would be not guilty, then I would ask you to consider Question Number Two, which is second degree murder of Jackson Rodriguez.

After you have done that, then Question Three and Four relate to the attempted first and second degree murder of Tony Perry. You would consider first degree murder. If your answer to that would be not guilty then you would consider attempted second degree murder of Tony Perry.

Questions Five and Six relate to the first degree assault of Jackson Augustin Rodriguez. Using the same means of analysis, Questions Seven and Eight relate to the first and second degree assault of Tony Perry. And Questions Nine and Ten relate to the first and second degree assault of Steven Broadhead.

Question Eleven relates to the charge of the use of a handgun in the commission of a crime of violence. I would ask you to once again consider the instructions that were given. Before you consider that question and the last question is as to the charge of wearing and carrying and transporting a handgun. How do you find the defendant, guilty or not guilty?

Once again, I would remind you that your decision must be unanimous. In other words, all twelve of you must agree.

Two hours after the jury retired to deliberate, the court reconvened, and the following discourse took place:

The Court: Alright, the defendant is present. Please bring the jury in.

(The jury returns to the jury box.)

Alright, the jury is present. The defendant and counsel are present. It's my understanding the jury has reached a verdict. Is that correct?

Foreman: Yes, sir.

The Court: Okay. Mr. Clerk, if you would take the verdict of the jury, please.

Clerk: Yes, sir. Ladies and gentlemen of the jury, are you agreed as to your verdict? If so, please answer, "We are."

Jury: We are.

Clerk: Who shall say for you?

Jury: Our foreman.

Clerk: Please stand. As to the charge of first degree murder of Jackson Augustin Rodriguez ... how do you find the defendant ... guilty or not guilty?

Foreman: Guilty

Clerk: As to the charge of attempted first degree murder of Tony Perry ... how do you find the defendant ... guilty or not guilty?

Foreman: Guilty

Clerk: As to the charge of first degree assault of Jackson Augustin Rodriguez ... how do you find the defendant ... guilty or not guilty?

Foreman: Not guilty.

Clerk: As to the charge of second degree assault of Jackson Augustin Rodriguez ... how do you find the defendant ... guilty or not guilty?

Foreman: Not guilty.

Clerk: As to the charge of first degree assault of Tony Perry ... how do you find the defendant ... guilty or not guilty?

Foreman: Guilty

Clerk: As to the charge of use of a handgun in the commission of a crime of violence ... how do you find the defendant ... guilty or not guilty?

Foreman: Guilty

Clerk: As to the charge of wearing, carrying and transporting a handgun ... how do you find the defendant ... guilty or not guilty?

Foreman: Guilty.

After the foreman reported the jury's verdict, the clerk of the court hearkened the verdict. The clerk stated:

Ladies and gentlemen of the jury, hearken your verdict as the Court hath recorded it. Your foreman saith that Olusegun Hakeem Ogundipe is guilty of first degree murder of Jackson Augustin Rodriguez on or about July 23, 2006. That Olusegun Hakeem Ogundipe is guilty of attempted first degree murder of Tony Perry on or about July 23, 2006. That Olusegun Hakeem Ogundipe is not guilty of first degree assault of Jackson Augustin Rodriguez on or about July 23, 2006.

That Olusegun Hakeem Ogundipe is not guilty of second degree assault of Jackson Augustin Rodriguez on or about July 23, 2006. And Olusegun Hakeem Ogundipe is guilty of first degree assault of Tony Perry on or about July 23, 2006. That Olusegun Hakeem Ogundipe is guilty of first degree assault of Steven Ramel Broadhead on or about July 23, 2006. That Olusegun Hakeem Ogundipe is guilty of the charge of use of a handgun in the commission of a crime of violence on or about July 23, 2006. And that Olusegun Hakeem Ogundipe is guilty of wearing, carrying and transporting a handgun on or about July 23, 2006.

And so say you all? If so, please answer, "We do."

After the jury replied, "We do," Ogundipe's counsel requested that the jury be polled. Each juror was asked individually, "[I]s this your individual verdict?" Each responded, "Yes."

At some time, in the days following the trial, appellant's counsel learned that the verdict sheet, signed by the jury foreman, read as follows:

Question # 1: First degree murder of Jackson Rodriguez **Guilty**

Question # 2: (To be answered only if the answer to Question # 1 is Not Guilty)

Second degree murder of Jackson Rodriguez **Not Guilty**

| | | |
|---|---|---|
| Question # 3: | Attempted first degree murder of Tony Perry | **Guilty** |
| Question # 4: | (To be answered only if the answer to Question # 3 is Not Guilty) | |
| | Attempted second degree murder of Tony Perry | **Not Guilty** |
| Question # 5: | First degree assault of Jackson Rodriguez | **Not Guilty** |
| Question # 6: | (To be answered only if the answer to Question # 5 is Not Guilty) | |
| | Second degree assault of Jackson Rodriguez | **Not Guilty** |
| Question # 7: | First degree assault of Tony Perry | **Guilty** |
| Question # 8: | (To be answered only if the answer to Question # 7 is Not Guilty) | |
| | Second degree assault of Tony Perry | **Not Guilty** |
| Question # 9: | First degree assault of Steven Broadhead | **Guilty** |
| Question # 10: | (To be answered only if the answer to Question # 9 is Not Guilty) | |
| | Second degree assault of Steven Broadhead | **Not Guilty** |
| Question # 11: | Use of a handgun in the commission of a crime of violence | **Guilty** |
| Question # 12: | Wearing, carrying and transporting a handgun | **Guilty** |

## Discussion

■ Ogundipe argues that the circuit court erred by accepting an inconsistent verdict:

When the trial court took the verdict from the foreperson, it only asked the jury foreperson for verdicts on questions numbered One (first degree murder of Jackson Rodriguez), Three (attempted first degree murder of Tony Perry), Five (first degree assault of Jackson Rodriguez), Six (second degree assault of Jackson Rodriguez), Seven (first degree assault of Tony Perry), Nine (first degree assault of Steven Broadhead), Eleven (use of a handgun during the commission of a crime of violence), and Twelve (wearing/carrying a handgun.)

The jury's verdict in Appellant's case is irreconcilably inconsistent in violation of Maryland's common law. The verdict shows Appellant not guilty of lesser included offenses and guilty of the greater offenses as they pertain to each victim in the case.

He relies on *Price v. State*, 405 Md. 10, 23–24, 949 A.2d 619 (2008), in which the Court of Appeals ruled that inconsistent verdicts in criminal cases would no longer be tolerated under Maryland common law. According to the Court, a "legally inconsistent verdict occurs where a jury acts contrary to a trial judge's proper instructions regarding the law." *Id.* at 35, 949 A.2d 619. We explained, in *Tate v. State*, 182 Md.App. 114, 131, 957 A.2d 640, *cert. denied*, 406 Md. 747, 962 A.2d 373 (2008):

> A legal inconsistency ... occurs when the crime for which a defendant is acquitted is, in its entirety, a lesser included offense within the greater inclusive offense for which a defendant is convicted. The commission of the greater crime cannot, as a matter of law, take place without the commission of the lesser crime. The lesser crime is a required element of the greater. The acquittal of the lesser crime precludes the finding of that required element of the greater crime for which the defendant was convicted. That is legal ... inconsistency. It is something that does not involve speculation about possible or probable factual findings. It is something that can be explained in algebraic terms.

The State characterizes the jury's responses to the charges of second degree murder, attempted second degree murder, and second degree assault, where the jury had found appellant guilty of the first degree charges, as "simply erroneous." According to the State: "The only properly returned verdicts [were] those announced in open court, hearkened, and about which the jury was polled."

In *Jones v. State*, 384 Md. 669, 675, 866 A.2d 151 (2005), four counts against the defendant went to the jury: attempted robbery with a dangerous and deadly weapon, attempted robbery, possession of a firearm by a person convicted of a crime of violence, and use of a handgun in commission of a crime of violence. On the verdict sheet, the jury found the defendant guilty on all four counts. *Id.* at 675, 866 A.2d 151.

Presumably, the verdict sheet was handed by the foreman to the court clerk.[3]

The court clerk only asked the foreman whether the jury found the defendant guilty as to the counts of "attempted robbery with a dangerous and deadly weapon," "attempted robbery," and "possession of a handgun in the commission of a crime of violence." *Id.* at 676, 866 A.2d 151. The foreman answered "guilty" as to each count. *Id.* The jury was polled and the verdict was hearkened as to only these three counts. *Id.* at 676–77, 866 A.2d 151. The defendant was sentenced for "attempted robbery with a dangerous and deadly weapon," "use of a handgun in the commission of a crime of violence," and "possession of a firearm by a person previously convicted of a felony or crime of violence." *Id.*

On appeal, the defendant argued that the sentence imposed for "possession of a firearm by a person previously convicted for a felony or crime of violence should not stand because the jury foreman did not announce the guilty verdict in open court," and the sentence for that count was, therefore, illegal. *Id.* This Court stated that "where it is unmistakable that the jury found the defendant guilty, 'substance will prevail over form even if the guilty verdict is not announced and even if it is neglected again when the jury is polled.'" *Id.* at 677, 866 A.2d 151. This Court ultimately "declined to disturb the sentence imposed for the firearm possession charge and concluded that the issue was not properly preserved by Jones because he had failed to object at any time when the verdict was delivered or when he was sentenced." *Id.* at 678, 866 A.2d 151. The Court of Appeals granted Jones' petition for a writ of *certiorari* and reversed. *Id.*

The *Jones* Court reviewed the history of procedures used for returning the verdict from the colonial period through today. *Id.* at 680–81, 866 A.2d 151. It stated that "the 'return' of a verdict by a jury has been comprised of three distinct procedures, each fulfilling a specific purpose." *Id.* at

---

**3.** The record was silent on this. *Id.* at n. 9.

682, 866 A.2d 151. Those procedures are 1) the foreman's oral statement of the verdict, 2) polling the jury, and 3) hearkening the jury to its verdict. *Id.* at 682–84, 866 A.2d 151.

Addressing the issue before it, the *Jones* Court stated:

The State argues that the probable handing of the verdict sheet to the clerk constitutes a proper "return" of the jury's verdict for Count nine. We, however, disagree. "Returning" the verdict in open court mandates an oral announcement of the verdict upon the conclusion of the jury's deliberations to enable the defendant to exercise the right to poll the jury as to the verdicts. Furthermore, orally announcing each count of the verdict prevents possible confusion during polling and hearkening where there are multiple counts considered by the jury, as in the present case. . . . . Therefore, we conclude that for a verdict to be considered final in a criminal case it must be announced orally to permit the defendant the opportunity to exercise the right to poll the jury to ensure the verdict's unanimity. . . . .

*Id.* at 684–85, 866 A.2d 151. *See also Heinze v. State,* 184 Md. 613, 616, 42 A.2d 128 (1945) ("It is a fundamental principle that the verdict of a jury in a criminal case has no effect in law until it is recorded and finally accepted by the court.")

Recently, in *State v. Santiago,* 412 Md. 28, 40, 985 A.2d 556 (2009), the Court of Appeals addressed the procedure for returning a verdict:

In *Jones* [*v. State,* 173 Md.App. 430, 458, 920 A.2d 1 (2007)] we concluded that the return of a jury verdict is comprised of three distinct procedures: (1) oral announcement of the verdict, (2) unanimity, except that a defendant may waive the requirement of unanimity and that he has an absolute right to poll the jury, (3) after polling, the traditional third step is to hearken the verdict. *Id.* Hearkening removes the case from the jury's further consideration. *Jones,* 384 Md. at 684, 866 A.2d at 160. If polling of the jury follows hearkening, then polling of the jury serves the same function as hearkening. *Id.* In other words, either hearkening

or polling is the final third step, depending upon the circumstances of the case.

As we stated previously, hearkening of the verdict is conducted to "secure certainty and accuracy, and to enable the jury to correct a verdict which they have mistaken, or which their foreman has improperly delivered." *Id.* (quoting *Givens v. State,* 76 Md. [485,] 488, 25 A. [689,] 689–90 [1893]).

In *Heinze,* 184 Md. at 616–17, 42 A.2d 128, the Court of Appeals explained:

.... Any member of the jury has the right *sua sponte* to dissent from the verdict as announced by the foreman at any time before it is recorded and affirmed by the jury. If no objection is made by any of the jurors or by the State or the accused, the verdict as announced is the verdict of the whole panel; and it is then the duty of the clerk to record the verdict and have it affirmed by the jury in the presence of the court by calling upon the whole panel to hearken to their verdict as the court has recorded it, and by repeating to them what has been taken down for record. Until the announcement that the verdict has been recorded, the jury have the right to amend or change any verdict; and when it is so amended it is the real verdict of the jury and it may be properly accepted by the court. *Ford v. State,* 12 Md. 514, 546 [(1859)]; *Givens v. State,* 76 Md. 485, 25 A. 689; *Grant v. State,* 33 Fla. 291, 14 So. 757, 23 L.R.A. 723, 731 [(1894)]; 23 C.J.S., Criminal Law, Sec. 1412.

■ Through *Santiago, Jones,* and *Heinze,* the Court of Appeals has made clear that the verdict sheet itself is a tool for the jury to utilize in deciding its verdict but it does not constitute the verdict.

Ogundipe argues:

When the trial court was taking the verdict from the foreperson, the court did not ask for the jury's verdict on the verdict form questions numbered Two (second degree murder of [Jackson] Augustin Rodriguez), Four (attempted second degree murder of Tony Perry), Eight (second degree

assault of Tony Perry), or Ten (second degree assault of Steven Broadhead), all of which were marked "Not Guilty" on the verdict form.

█ Ogundipe, in effect, is asking, if a jury is directed by the court not to answer a question related to the second degree of a crime when the jury finds the defendant guilty of that crime in the first degree, is the clerk of the court required to ask the jury for its answer to those questions once the jury announces, in open court, that it finds the defendant guilty of the crimes in the first degree? In our view, the answer is, "No." The clerk of the court was following the directions of the circuit court by skipping the second degree questions after the jury announced that the defendant was guilty of the charges in the first degree.[4] Once the jury found the defendant guilty of the crimes in the first degree, there was no reason to consider the second degree charges as they legally merged with the greater charges.[5] Here, addressing the second degree charge was contrary to the express directions on the verdict sheet itself.

---

**4.** *See* Comment, MPJI Cr 7:03 (In *State v. Frye*, 283 Md. 709, 723–24, 393 A.2d 1372 (1978), the Court of Appeals explains, in dicta:

> In the normal situation where a defendant is charged both with a greater crime and with a lesser included offense, and where a guilty verdict with regard to the greater crime will result in a merger, the proper method of instructing the jurors is to advise them that if the verdict on the count charging the greater crime is guilty, then they should not consider the count charging the lesser crime.)

**5.** *See State v. Griffiths*, 338 Md. 485, 489, 659 A.2d 876 (1995) where the Court of Appeals stated:

> The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person "shall ... be subject for the same offense to be twice put in jeopardy of life or limb." The Double Jeopardy Clause prohibits successive prosecution as well as cumulative punishment. *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Under the Maryland common law of double jeopardy, a defendant cannot be "put in jeopardy again for the same offense—in jeopardy of being convicted of a crime for which he had been acquitted; in jeopardy of being twice convicted and punished for the same crime." *Gianiny v. State*, 320 Md. 337, 347, 577 A.2d 795 (1990). A "greater offense is ... by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Brown v. Ohio, supra*, 432 U.S. at 168, 97 S.Ct. 2221.

After the foreperson announced the verdict, the jury hearkened to that verdict. Despite the gratuitous consideration of the second degree charges indicated on the verdict sheet, we are satisfied the announced verdict, hearkened to by the jury, whose members were then individually polled, reflected the jury's unanimous verdict.[6]

### Disclosure of Verdict Sheet

Appellant contends that he should have been shown the verdict sheet before the jury was dismissed:

> .... [A] large portion of the verdict that went unspoken and unaddressed constituted evidence of confusion, inconsistency, and potential acquittal which Appellant should have been able to address while the jury was constituted.

He contends that, by failing to disclose the verdict sheet, the circuit court violated Rule 4-326(d), and, in turn, infringed upon his Maryland and federal constitutional rights.

Maryland Rule 4-326(d) provides:

> The court shall notify the defendant and the State's Attorney of the receipt of any communication from the jury pertaining to the action as promptly as practicable and in any event before responding to the communication. All such communications between the court and the jury shall be on the record in open court or shall be in writing and filed in the action. The clerk or the court shall note on a written communication the date and time it was received from the jury.

Indeed, as appellant points out, we have consistently held that when communications from the jury pertaining to the action are received by the court and not disclosed to the parties this is an error committed by the court that is, usually,

---

6. This Opinion should not be interpreted as encouraging nondisclosure of the verdict sheet to parties. Had the verdict sheet been requested by or otherwise made available to the parties in this case after the foreman's announcement of the verdict but prior to the discharge of the jury, this matter could easily have been clarified or resolved before the jury was discharged.

not considered harmless. *See Denicolis v. State,* 378 Md. 646, 837 A.2d 944 (2003); *Allen v. State,* 77 Md.App. 537, 545, 551 A.2d 156, *cert. denied,* 315 Md. 692, 556 A.2d 674 (1989), *cert. denied,* 320 Md. 15, 575 A.2d 742 (1990); *Smith v. State,* 66 Md.App. 603, 624, 505 A.2d 564, *cert. denied,* 306 Md. 371, 509 A.2d 134 (1986).

Whether Rule 4–326(d) applies to a jury verdict sheet, however, appears to be a question of first impression. To answer this question, we look to Rule 4–327 and the procedure for returning a jury verdict. Rule 4–327 provides:

(a) Return. The verdict of a jury shall be unanimous and shall be returned in open court.

(b) Sealed verdict. With the consent of all parties, the court may authorize the rendition of a sealed verdict during a temporary adjournment of court. A sealed verdict shall be in writing and shall be signed by each member of the jury. It shall be sealed in an envelope by the foreperson of the jury who shall write on the outside of the envelope "Verdict Case No. ........" "State of Maryland vs. ..............." and deliver the envelope to the clerk. The jury shall not be discharged, but the clerk shall permit the jury to separate until the court is again in session at which time the jury shall be called and the verdict opened and received as other verdicts.

(c) Two or more defendants. When there are two or more defendants, the jury may return a verdict with respect to a defendant as to whom it has agreed, and any defendant as to whom the jury cannot agree may be tried again.

(d) Two or more counts. When there are two or more counts, the jury may return a verdict with respect to a count as to which it has agreed, and any count as to which the jury cannot agree may be tried again.

(e) Poll of jury. On request of a party or on the court's own initiative, the jury shall be polled after it has returned a verdict and before it is discharged. If the sworn jurors do not unanimously concur in the verdict, the court may direct the jury to retire for further deliberation, or may discharge

the jury if satisfied that a unanimous verdict cannot be reached.

The "verdict of the jury" is "returned in open court" by the court clerk asking the jury foreman to declare the verdict. Rule 4–327. The clerk then must poll the jury if requested, and, if not, hearken the verdict. *Santiago*, 412 Md. at 40, 985 A.2d 556. If the jury is unanimous, the verdict is perfected. *Givens*, 76 Md. at 487, 25 A. 689.

Rule 4–327 does not require the judge to review the verdict sheet or to show the verdict sheet to the defendant at any time during the return of the verdict.[7] Moreover, the jury verdict sheet is not a "communication" from the jury to the court seeking a response by the court. Its purpose is to facilitate the deliberations of the jury. In sum, the jury verdict sheet is not a "communication" from the jury to the court as contemplated by Rule 4–326(d), and, therefore, the court was not required to notify or disclose the verdict sheet to the parties or counsel before the jury was dismissed.

**JUDGMENT OF THE CIRCUIT COURT FOR WASH-INGTON COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

7. This, of course, does not mean that the trial court could not or should not inspect the verdict sheet before the verdict is declared, and it would be prudent to do so.